[14404.   Department One. — May 13, 1893.]

## M. J. C. GALVIN, RESPONDENT, v. GUALALA MILL COMPANY, APPELLANT.

NEGLIGENCE — SPREADING OF FIRE — TREBLE DAMAGES — BURDEN OF PROOF — NONSUIT. — In an action brought under section 3344 of the Political Code for treble damages caused by fires alleged to have been negligently set by a mill company upon its own land and for its own convenience, and which it negligently permitted to extend to plaintiff's land, the burden of proof is upon the plaintiff to show the negligence of the defendant, and where the plaintiff failed to prove that the fires were started by the defendant, otherwise than that they originated on his land, and failed to prove that they were started negligently, or for any unnecessary purpose, or that due care was not exercised by the defendant to prevent them from spreading to other lands, a nonsuit should be granted.

ID.— CONSTRUCTION OF POLITICAL CODE — PUNISHMENT FOR NEGLIGENCE. — The provision for treble damages in section 3344 of the Political Code is not designed as a compensation to the plaintiff, but as a punishment to the defendant for his negligence, which is the essential fact, and must be proved to sustain a recovery.

ID. — DAMAGE CAUSED BY "UNLAWFUL ACT"— NEGLIGENCE— PROOF REQUIRED.— Where damage is shown to have been caused by an unlawful act, no negligence need be proven; but it is necessary in such case to establish every element showing the act to be unlawful.

ID. — CONSTRUCTION OF PENAL CODE— PROOF OF UNLAWFUL ACT.— Under section 384 of the Penal Code, which provides that "every person who wilfully or negligently sets on fire, or causes or procures to be set on fire, any woods, prairies, grasses, or grain on any lands, is guilty of a misdemeanor," the word "wilfully" means with evil intent, legal malice, or bad purpose, and mere proof of starting a fire on one's own land, which spreads to the land of another, without proof of evil intent, or of negligence, does not show an unlawful act under that section.

ID. — SETTING FIRES IN WOODS— PUBLIC LANDS— PENAL STATUTE. — The act of February 13, 1892, making it unlawful wilfully and deliberately to set fires in the woods, relates only to public lands, and is penal in its nature, requiring proof that the fire was started wilfully and deliberately to show an unlawful act.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

*H. A. Powell,* and *T. S. Carothers,* for Appellant.

*J. A. Cooper,* for Respondent.

HAYNES, C.— The complaint states two causes of action for the destruction of tan bark, cord wood, etc., by fires alleged to have been negligently set by the defendant upon its own land and for its own convenience, and which it negligently permitted to escape, and to extend to plaintiff's land; the first occurring October, 1887, and the second July 30, 1889. The value of the property destroyed by the first fire is alleged to be one hundred and ninety-eight dollars, and by the second eight hundred dollars, and treble damages are prayed for. The jury returned a verdict for the plaintiff and fixed the damages at seven hundred and seventy-five dollars. At the close of plaintiff's evidence, defendant moved for a nonsuit upon several specific grounds, the substance of which is, that the evidence failed to show that the defendant negligently or otherwise set fire to its own, or any woods, or that it negligently or otherwise permitted

the fires to escape from its land. The motion was denied and defendant excepted.

There was some evidence tending to show that the fires originated on defendant's land, but none that they were started by the defendant, unless it could be inferred from the fact (itself doubtful) that they orignated on its land; but however that may be, there was not a scintilla of evidence that the fires were started negligently, or for an unnecessary purpose, or that due care was not exercised to prevent the fires from spreading to other lands; and without negligence, either in starting the fires or in permitting them to escape or get beyond defendant's lands, no recovery can be had.

Section 3344 of the Political Code provides: "Every person negligently setting fire to his own woods, or negligently suffering any fire to extend beyond his own land is liable in treble damages to the party injured."

This action was brought under the above section of the code, and the burden of proof was upon the plaintiff. Under it the actual damages sustained are trebled, not as a compensation to the plaintiff, but as a punishment to the defendant for his negligence; not for doing a lawful act in a careful and proper manner, which, without his fault, inflicts an injury upon another. Negligence is the essential fact and must be proved. (For a construction of section 3344 of the Political Code and of the other statutes cited by respondent and hereinafter noticed, see *Garnier* v. *Porter,* 90 Cal. 105.)

Respondent contends, however, that "proof of setting the fire is sufficient, and is itself proof of negligence"; and cites section 384 of the Penal Code: "Every person who wilfully or negligently sets on fire, or causes or procures to be set on fire any woods, prairies, grasses, or grain on any lands, is guilty of a misdemeanor." This section will bear no such construction. It is penal, and in such statutes the word "wilfully" means with evil intent, or with legal malice, or with a bad purpose.

Counsel for respondent also cites the act of February 13, 1872, for the purpose of showing that it is unlawful to set fires in woods; but that act relates only to public lands belonging to this state or the United States, and is also penal, and applies to those who "shall wilfully and deliberately set fire," etc. It

is quite true, as counsel say, that where damage is caused by an unlawful act, no negligence need be proven; but the complaint does not allege that defendant "unlawfully" set the fire or unlawfully permitted it to spread to plaintiff's land, whilst his argument seems to concede that he has not proven negligence unless it can be inferred from the fact of the fire having originated upon defendant's land, *non constat* that the fire may have been purely accidental or occurred through the negligence of a hunter, or been maliciously set by a third person for whose acts defendant is not responsible. A plaintiff must prove every material fact which goes to constitute his cause of action; proving loss alone is not sufficient.

The evidence introduced by defendant after the motion for nonsuit was denied did not supply the defects in plaintiff's evidence, and the verdict was therefore not justified.

The judgment and order appealed from should be reversed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

HARRISON, J., GAROUTTE, J., McFARLAND, J.

Hearing in Bank denied.

BEATTY, C. J., and DE HAVEN, J., dissented from the order denying a hearing in Bank.