### GALVIN v. GUALALA MILL CO.

#### No. 14,414; May 13, 1893.

##### 33 Pac. 94.

**Fires—Treble Damages—Manner of Fixing.**—Since Political Code, section 3344, providing for treble damages to the party injured by the negligent setting out of fires, is silent as to whether the jury shall find such damages, or whether they shall find the actual damage, and the court shall enter judgment for three times such amount, it is immaterial which course is pursued, provided absolute certainty is attained, and this can be secured by preparing the form of verdict.

APPEAL from Superior Court, Mendocino County; Robert McGarvey, Judge.

Action by M. J. C. Galvin against the Gualala Mill Company for damages for setting out a fire. From an order denying his motion that judgment be entered for three times the amount named in the verdict, plaintiff appeals. Appeal dismissed.

J. A. Cooper for appellant; H. A. Powell and T. L. Carothers for respondent.

HAYNES, C.—This appeal is from a judgment rendered in favor of appellant, because of the refusal of the court to treble the damages found by the jury in his favor. The action is based on section 3344 of the Political Code, and the complaint charges that certain property of the plaintiff, consisting of tan-bark, cordwood, etc., was destroyed by a forest fire negligently started by the defendant on its own land, and which defendant negligently permitted to spread to other lands, whereby said property was destroyed. The jury returned the following verdict: "We, the jury in this cause, find a verdict for the plaintiff, and fix the damages at $775." Plaintiff, before judgment had been entered, moved the court for an order directing judgment to be entered for three times the amount named in the verdict, which motion was denied, and plaintiff took a bill of exceptions. The question presented on this appeal is of no importance, so far as the action of the court complained of affects the parties, inasmuch as the defendant appealed from the same judgment, and from an order denying its motion for a new trial, and upon that appeal the judgment and order have been reversed: See Galvin v. Mill Co., 98 Cal. 268, 33 Pac. 93 (No. 14,404, this day filed). However, in view of the possibility of a new trial, it may be said that the code is silent as to whether the jury shall find treble damages, or whether they shall find the actual loss or damage, and the court enter judgment for three times that amount. We think it immaterial which course is pursued, provided absolute certainty is attained, and this can be secured by preparing the form of the verdict. Respondent, on this appeal, contends that an instruction given to the jury at plaintiff's request, together with the form of the verdict, left it uncertain whether the jury had trebled the damages or not, and if that were true the motion was properly denied. As the judgment has already been reversed upon defendant's appeal, this appeal should be dismissed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal is dismissed.