[Civ. No. 478. Third Appellate District.—September 9, 1908.]

# D. H. LARUE, Respondent, v. T. E. DAVIES, Appellant.

OFFICERS—MISDEMEANOR—REMOVAL OF CONSTABLE—WILLFUL NEGLECT TO PRESERVE PEACE—SUFFICIENCY OF ACCUSATION.—A written and verified accusation, under section 772 of the Penal Code, for the removal of a constable from his office for misdemeanor in office, which charges that on a certain date, within a town in his township, "a large number of persons on the streets of said town did then and there willfully and unlawfully disturb the peace of said neighborhood and of said plaintiff by threatening, traducing, quarreling and fighting with one another," and alleges "that said defendant was present and a witness to all and each of said acts, . . . and did willfully, knowingly, and unlawfully refuse and neglect to preserve the peace, or to make any effort to prevent the same," sufficiently shows a willful neglect of duty to prevent or suppress the disturbance of the peace, which rendered him liable to removal from office.

ID.—INSUFFICIENT CLAUSE—VULGAR AND PROFANE LANGUAGE.—A clause in the accusation which charges that said disturbers of the peace did "then and there use vulgar and profane language, which was heard by all passers-by on said streets," without alleging that it was "used in the presence of women or children in a loud and boisterous manner," is insufficient, and must be eliminated from the charge.

ID.—CONSTRUCTION OF STATUTE AND ACCUSATION—"MALICIOUSLY AND WILLFULLY"—"WILLFULLY AND UNLAWFULLY."—Under the Penal Code (section 7, subdivision 4), the word "maliciously" imports "an intent to do a wrongful act"; and under section 415 of the same code, making everyone who "maliciously and willfully disturbs the peace," etc., guilty of a misdemeanor, an accusation alleging that certain persons "did willfully and unlawfully disturb the peace . . . by fighting" sufficiently meets the requirement of the statute.

ID.—"FIGHTING" UNLAWFUL.—"Fighting" has a well-defined meaning, and is itself unlawful, and persons cannot "willfully and un-

lawfully'' disturb the peace by fighting without having the ''intent to do a wrongful act.'' Persons who are engaged therein are committing a public offense; and a peace officer who is present cannot be a passive spectator and discharge the duties of his office.

ID.—UNCERTAINTY IN ACCUSATION—WAIVER OF OBJECTION—SUPPORT OF JUDGMENT.—Any uncertainty in the accusation was waived by failure to object to its sufficiency in that respect in the court below, when it is clear that the facts alleged and the corresponding findings, even if defectively stated, furnish ample support for the judgment ousting the defendant from his office.

ID.—SUFFICIENCY OF EVIDENCE—REVIEW UPON APPEAL.—In considering the sufficiency of the evidence to support the findings, the testimony must be taken most strongly against the appellant, and it is sufficient that the testimony in support of the accusation justifies the findings.

ID.—APPELLATE JURISDICTION—QUESTION RAISED, BUT NOT DECIDED.—It seems, from cases cited, that the proceeding to remove an officer summarily for misdemeanor in office by accusation, not being presented by indictment or information, is not within the appellate jurisdiction of this court, or of the supreme court under the constitution; and that the judgment thereon is final, and the appeal therefrom should be dismissed; but inasmuch as the judgment must be upheld, and the question of jurisdiction has not been raised by counsel, it is not decided in this case.

APPEAL from a judgment of the Superior Court of Colusa County. H. M. Albery, Judge.

The facts are stated in the opinion of the court.

C. L. Donohoe, and Frank Freeman, for Appellant.

Seth Millington, for Respondent.

BURNETT, J.—This is an appeal from a judgment removing defendant from the office of constable of Princeton township in Colusa county.

The proceedings were taken under section 772 of the Penal Code providing for the ''removal of public officers by summary proceedings,'' and were based upon a written accusation signed and verified by plaintiff charging defendant with refusal and neglect to perform the official duties pertaining to his office, in that ''On the 27th day of March, 1907, at and in the town of Princeton in Colusa County, State of California, and in said township, a large number of persons on the

streets of said town, did then and there willfully and unlawfully disturb the peace of said neighborhood and of said plaintiff by threatening, traducing, quarreling. and fighting with one another; and did then and there use vulgar, profane and indecent language that was heard by all passers-by on said streets; that said defendant was present and a witness to all and each of said acts . . . and did willfully, knowingly and unlawfully refuse and neglect to preserve the peace, or to make any effort to prevent the same; that said defendant had full power, authority and ability to do and perform all and each of the things herein alleged to have been refused and neglected to be done by him.''

Appellant contends: 1. That the written accusation does not state facts sufficient to constitute a cause of action; 2. The judgment is not justified by the findings of fact; and 3. The findings of fact are not justified by the evidence.

The first two grounds may be considered together, as it is admitted that the findings follow the averments of the accusation; hence if the objections to the latter be not well founded, it must be conceded that the findings support the judgment.

The contention is made that the duties of the constable are defined by statute, and that the facts alleged in the accusation fall short of bringing the case within the scope and purview of said statutory definition. The particular objection made by appellant is that it does not appear that an offense was being committed by anyone at the time and place alleged in the accusation. Therefore, it is insisted, no duty was cast upon the constable to take any affirmative action.

If we are to look to the statute for a specific justification of the charge, it will be found in subdivisions 1, 2 or 3 of section 4176 of the Political Code. By section 4315 of the same code these subdivisions are made applicable to a constable and they provide that he must: ''1. Preserve the peace; 2. Arrest and take before the nearest magistrate for examination all persons who attempt to commit or who have committed a public offense; 3. Prevent and suppress all affrays, breaches of the peace, riots and insurrections which may come to his knowledge.''

From the averments of the accusation it appears clear enough that certain persons were perpetrating a breach of the peace and that the constable was present; therefore, it was plainly his duty to prevent or suppress the disturbance.

His inaction under the circumstances alleged amounted to a willful neglect of duty and rendered him liable to removal from office if effect is to be given to said section 772 of the Penal Code.

However, it is argued by appellant that the facts charged do not amount to a disturbance of the peace, for the reason that a material element of the offense as defined in section 415 of the Penal Code is omitted from the accusation. That section provides that "Every person who maliciously and willfully disturbs the peace or quiet of any neighborhood or person by loud or unusual noise, or by tumultuous or offensive conduct, by threatening, traducing, quarreling, challenging to fight or fighting . . . or uses any vulgar, profane or indecent language within the presence or hearing of women or children in a loud and boisterous manner is guilty of a misdemeanor." The latter clause must be eliminated, as claimed by appellant, since there is no allegation that the language was used in the presence of women or children or in "a loud and boisterous manner." And it is urged that the accusation is not brought within the terms of the first clause, since there is no allegation that the parties who were engaged in fighting "maliciously" disturbed the peace. But it is alleged that they "willfully and unlawfully" disturbed the peace, and we consider this sufficient to meet the requirement of the statute. The word "maliciously" imports "an intent to do a wrongful act." (Pen. Code. sec. 7, subd. 4.) This intent is sufficiently indicated by the allegation that the parties willfully and unlawfully disturbed the peace by fighting in the streets. "Fighting" has a well-defined meaning, and is itself unlawful, and it is hard to conceive how persons could willfully and unlawfully disturb the peace by fighting without having "the intent to do a wrongful act." It is manifest, of course, that the accusation is concerned with the commonplace fisticuffs involving assault and battery, and it does not contemplate the more respectable, if none the less cruel, exhibitions of skill and endurance conducted according to Marquis of Queensbury rules under the auspices of some domestic incorporated club sanctioned by the legislature. (Pen. Code, sec. 412.) We conclude without hesitation that where two or more persons on the streets of Princeton willfully and unlawfully disturb the peace of the neighborhood by fighting, they are certainly

committing a public offense, and we are unable to resist the conviction that if a peace officer is present, he cannot be a passive spectator and discharge the duties of his office.

We may admit that the accusation is somewhat uncertain in the respects indicated by appellant, but conceding for the purpose of the argument that the requirements for an indictment or information are applicable to an "accusation," we find a ready answer in the suggestion that no objection whatever to its sufficiency was made in the court below, and it is clear that the facts alleged and the corresponding findings, if defectively stated, furnish ample support for the judgment.

In considering the sufficiency of the evidence, there is no reason for any departure from the general rule that the testimony must be taken most strongly against the appellant, and if we can see any substantial support for the findings, we can go no further. The record shows that several witnesses for the plaintiff testified to facts tending to support the material averments of the accusation. For instance, one said that there were from twenty to forty men close together on the street. The men were wrangling, quarreling, cursing and swearing. These men were engaged in that sort of thing for at least fifteen or twenty minutes, when a fight took place. "Defendant was near where the men were all of the time, and I did not see him do anything to stop the noise or fight, until it was all over. After it was all over he took hold of one of them and told him to quit. He did not make any arrest. After the trouble was over the defendant said: 'Hell, if they want to fight let them fight it out.'" We must accept the testimony as credible and hold that it justified the findings.

Another question of vital importance, not suggested by counsel but involved in the record, relates to the finality of the judgment. It is not clear that the supreme or this court has jurisdiction to entertain the appeal.

*In the Matter of Curtis,* 108 Cal. 662, [41 Pac. 793], it is said: "By section 772 of the Penal Code the legislature has provided a manner for the trial of certain misdemeanors in office. . . . These proceedings are intended to be summary, and as the legislature has made no provision for a review of the action of the superior court, its judgment is final." There is now a statute authorizing an appeal—section 770 of the Penal Code as amended in 1905—but as said in the Curtis

case (108 Cal. 662, [41 Pac. 793]) : "By Article VI, section 4 of the Constitution, the supreme court is given appellate jurisdiction in all criminal cases prosecuted by indictment or information in a court of record on questions of law alone. Section 682 of the Penal Code declares that 'Every public offense must be prosecuted by indictment or information, except where proceedings are had for the removal of civil officers of the state.' The 'information' here authorized is that named in the constitution (Art. I, sec. 8) as the equivalent of an indictment and which is to be prepared by the district attorney under the provisions of section 809 of the Penal Code. . . . As the appellate jurisdiction of the court in criminal cases given by the constitution extends only to such as are prosecuted by indictment or information, we have no jurisdiction to entertain the present appeal."

In *Wheeler* v. *Donnell*, 110 Cal. 655, [43 Pac. 1], it is held that "a proceeding by accusation for alleged misdemeanors in office, under section 772 of the Penal Code, is a criminal proceeding not prosecuted by information or indictment, and is not within the appellate jurisdiction of the supreme court."

The district court of appeal is given jurisdiction "in questions of law alone, in all criminal cases prosecuted by indictment or information in a court of record, excepting criminal cases where judgment of death has been rendered." (Cal. Const., art. 6, sec. 4.)

As this is a criminal proceeding not prosecuted by indictment or information, unless we are prepared to hold that the legislature can enlarge the appellate jurisdiction of the courts beyond what the constitution provides, the conclusion would seem to follow that the appeal should be dismissed.

But the judgment, for reasons stated, should be upheld, and as the question of jurisdiction has not been discussed by counsel, we do not decide it.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 5, 1908.