PEOPLE OF PORTO RICO, Plaintiff and Appellant, v. JOSÉ APARICIO-RIBERA, Defendant and Appellee.

No. 2267. Argued November 18, 1924.—Decided March 4, 1925.

1. CONSTRUCTION OF LAW—STATUTES OF AMERICAN ORIGIN.—When a statute is of American origin the English text shall prevail, in accordance with Act No. 8 of November 12, 1917.
2. ID.—CRIMINAL LAW—INTENT.—Although section 559 of the Penal Code provides that the word "wilfully" when applied to the intent with which an act is committed means simply a purpose or willingness to commit the act and involves no criminal intent, it is questionable whether this applies to statutes existing prior to the Penal Code if the history of the enactment shows a different construction.
3. MUNICIPAL OFFICERS—MALFEASANCE—NONFEASANCE—NEGLECT OR REFUSAL TO PERFORM DUTY.—When a mayor fails or refuses to open books for a loan lawfully authorized, transfers items from one account to another to pay current bills without due authority, and issues warrants without any authority, this constitutes a violation of section 93 of the Penal Code.

District Court of Ponce, R. Díaz Cintrón, J.   Order sustaining a motion for nonsuit.   Reversed and remanded.

José E. Figueras, Fiscal, for the appellant.   Rafael Martínez Nadal for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Section 93 of the Penal Code provides:

"Sec. 93.—Every person holding a public office, who wilfully refuses or neglects to perform the duties thereof, or who violates any provision of law relating to his duties or the duties of his office, for which some other punishment is not prescribed, is punishable by fine not exceeding five thousand (5,000) dollars, or (by) imprisonment in jail not exceeding one year or both."

Thereunder, José Aparicio Ribera, Municipal Auditor of Adjuntas, was charged with several violations of public duties. After a trial the defendant made a motion of non-suit which the District Court of Ponce granted. The government appealed by virtue of paragraph 6 of section 348 of the Code of Criminal Procedure, construed favorably to such appeal in *People* v. *Mallen,* 15 P.R.R. 778.

[1] The information charged violation of duties *"voluntariamente"* and *"obstinadamente."* The court held that neither the *"obstinación"* nor the *"voluntariedad"* had been proved. The word "wilfully" in the English text has been rendered into Spanish by the word *"obstinadamente,"* but by a long line of decisions the English in this subject matter prevails: *People* v. *Charón,* 7 P.R.R. 416; *People* v. *Agosto,* 10 P.R.R. 425; *People* v. *Acosta,* 11 P.R.R. 240; *People* v. *Torres,* 9 P.R.R. 396; *People* v. *Torregrosa,* 24 P.R.R. 12; *People* v. *Santiago,* 16 P.R.R. 446, and *People* v. *Kent,* 10 P.R.R. 325. The Penal Code, besides, is of American origin and that the English text should then govern is the effect of Act. No. 8 of the Legislature of Porto Rico of November 12, 1917.

[2] The information used both the words *"voluntariamente,"* meaning "wilfully," and *"obstinadamente,"* meaning with a set purpose and carrying with it perhaps some idea of *mens rea.* We agree with the government that the word *"obstinadamente"* may be regarded as surplusage.

There is a wide conflict among the authorities as to the meaning of the word "wilfully" when ordinarily used in a penal statute. See the following citations: *Felton* v. *United States,* 96 U. S. 697, and its citations; *Kletzing* v. *Armstrong* (Iowa), 93 N. W. 500.

The particular meaning, or whether the word involves an element of *mens rea,* depends somewhat upon the history of the particular offense. Section 559 of the Penal Code,

however, provides: "First: The word 'wilfully,' when ap-
plied to the intent with which an act is done or omitted,
implies simply a purpose or willingness to commit the act,
or make the omission referred to."

This definition involves no idea of *mens rea* and discards
a criminal intent if the act is consciously done. We may
question, as in *People* v. *Rivera, infra,* whether in every
case, when the history of the enactment shows a different
construction, the Legislature intended to vary such a con-
struction by the enactment of section 559. 25 R.C.L. 992.

California has the equivalent of section 559 and yet in
*Calvin* v. *Gualalia Mill Co.,* 98 Cal. 270, where the statute
used the word "wilfully" the Supreme Court of that State
decided a criminal intent was necessary to be proved. On
the other hand, in *Coffey* v. *Superior Court,* 147 Cal. 525,
82 Pac. 75, and *Larue* v. *Davies,* 8 Cal. App. 750, 97 Pac.
903, both more or less *in pari materia* with this case, a dif-
ferent idea was indicated. In the former case the court
quoted with approval from Mechem on Public Officers as
follows: "Misconduct in office does not necessarily imply
corruption or criminal intention. The official doing of a
wrongful act, or official neglect to do an act which ought to
have been done will constitute the offence, although there
was no corrupt or malicious motive."

In *People* v. *Rivera,* 25 P.R.R. 569, a jailer was prose-
cuted for allowing prisoners to be abroad and we held, fol-
lowing precedents, that when a jailer voluntarily or negli-
gently allows a prisoner to go at large he is guilty of an
offence.

[3] The information in the instant case charged that the
defendant failed to open books for a loan of $6,000 author-
ized by the municipality as required by the rules formulated
by the Auditor of Porto Rico; that he transferred $662.65
from a particular account to pay current bills without due
authority; that he transferred $250 from a $6,000 appro-

priation similarly; and also that he issued out $839.78 for current expenses without authorization, all wilfully.

These acts, or some of them at least, were violations of official duties within the purview of section 93, *supra*. We are not attempting to pass upon the sufficiency of each individual count of the four charged, as such matter was not argued before us.

As to the question of proof, there was a stipulation admitting some or all of the outside facts charged and there was evidence tending to prove them. Under these conditions there was evidence tending to prove all the charges. The order must be reversed and the case sent back for proceedings not inconsistent with this opinion.