El Pueblo de Puerto Rico, demandante y apelante, *v.* José Aparicio Rivera, acusado y apelado.

No. 2267.—*Visto:* Noviembre 18, 1924. *Resuelto:* Marzo 4, 1925.

1. Estatutos—Interpretación y Operación (*operation*)—Reglas Generales de Interpretación—Estatutos Adoptados del Extranjero.—Cuando el estatuto es de origen americano el texto inglés debe prevalecer, de acuerdo con la Ley de noviembre 12, 1917.

2. Derecho Penal—Naturaleza y Elementos del Delito y Defensas en General—Intención.—Aunque el artículo 559 del Código Penal prescribe que la palabra ''*wilfully*'' (voluntariamente) cuando se aplica a la intención con que se ejecuta un acto sólo quiere decir ''*voluntarily*'' (voluntariamente) y no envuelve intención criminal, es dudoso si esto puede aplicarse a leyes que existían con anterioridad al Código Penal si la historia de la vigencia del artículo demuestra una interpretación diferente.

3. Delitos—Delitos Cometidos por el Poder Ejecutivo y en Contra de Éste— Descuido o Negativa de un Oficial Público a Ejecutar un Deber.—

Cuando un alcalde descuida o rehusa abrir los libros para un empréstito autorizado legalmente, hace transferencias de una cuenta para pagar otras sin la debida autorización y emite libramientos sin autorización alguna, estos hechos constituyen una violación del artículo 93 del Código Penal.

RESOLUCIÓN de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar una moción de *non suit* presentada por el acusado y ordenando al Jurado que rindiera veredicto de absolución perentoria. *Revocada* y *devuelto* el caso para ulteriores procedimientos.

*José E. Figueras,* Fiscal, abogado del apelante; *Rafael Martínez Nadal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El artículo 93 del Código Penal en inglés prescribe lo siguiente:

"Sec. 93.—Every person holding a public office, who wilfully refuses or neglects to perform the duties thereof, or who violates any provision of law relating to his duties or the duties of his office, for which some other punishment is not prescribed, is punishable by fine not exceeding five thousand (5,000) dollars, or (by) imprisonment in jail not exceeding one year or both."

De acuerdo con el referido artículo se imputaron a José Aparicio Ribera, Auditor del Municipio de Adjuntas, varias infracciones de sus deberes como funcionario público. Después de celebrado un juicio el acusado presentó una moción de sobreseimiento (*nonsuit*) que fué declarada con lugar por la Corte de Distrito de Ponce. El gobierno apeló por virtud del párrafo 6 del artículo 348 del Código de Enjuiciamiento Criminal, interpretado favorablemente a tal apelación en el caso de *El Pueblo* v. *Mallén,* 15 D. P. R. 800.

[1] En la acusación se imputó la infracción de las obligaciones de su cargo "voluntariamente" y "obstinadamente." La corte inferior resolvió que ni la "obstinación" ni la "voluntariedad" habían sido probadas. La palabra *"wilfully"* en el texto inglés ha sido traducida al español por "obstinadamente" pero por una larga serie de decisiones en esta materia prevalece el texto inglés: *El Pueblo* v. *Charón,* 7 D. P. R. 428; *El Pueblo* v. *Agosto,* 10 D. P. R 449; *El Pue-*

*blo* v. *Acosta,* 11 D. P. R. 249; *El Pueblo* v. *Torres,* 9 D. P. R. 440; *El Pueblo* v. *Torregrosa,* 24 D. P. R. 12; *El Pueblo* v. *Santiago,* 16 D. P .R. 469–490, y *El Pueblo* v. *Kent,* 10, D. P. R. 343. Además, el Código Penal es de origen americano y que el texto inglés debe prevalecer es el efecto de la Ley (No. 8) aprobada por la Legislatura de Puerto Rico en noviembre 12, 1917 (1917 (2) p. 211).

[2] La acusación empleaba tanto la palabra "voluntariamente" significando *"wilfully"* y "obstinadamente," significando con un propósito determinado y llevando en ello tal vez cierta idea de *mens rea.* Convenimos con el gobierno en que la palabra "obstinadamente" puede ser considerada como superflua.

Existe gran conflicto entre las autoridades respecto al significado de la palabra *"wilfully,"* cuando se emplea ordinariamente en un estatuto penal. Véanse las siguientes citas: *Felton* v. *United States,* 96 U. S. 697, 24 L. ed. 875, y sus citas; *Kletzing* v. *Armstrong,* 119 Iowa, 505; 93 N. W. 500.

El significado particular, o si la palabra envuelve un elemento de *mens rea* depende en parte de la historia del delito en particular. El artículo 559 del Código Penal, sin embargo, prescribe: "1. La palabra *'wilfully'* (voluntariamente), aplicada a la intención con que se ejecuta un acto o se incurre en una omisión, implica simplemente propósito o voluntad de cometer el acto, o de incurrir en la omisión a que se refiere."

Esta definición no envuelve idea alguna de *mens rea* y descarta la intención criminal si el acto se ejecuta conscientemente. Podemos dudar, como en el caso de *El Pueblo* v. *Rivera, post,* si en cada caso, cuando la historia de la vigencia del artículo demuestra una interpretación diferente, la Legislatura quiso variar tal interpretación al poner en vigor el artículo 559. 25 R. C. L. 992.

California tiene el equivalente del artículo 559 y sin em-

bargo en el caso de *Galvin* v. *Gualalia Mill Co.*, 98 Cal. 270, donde el estatuto empleaba la palabra *"willfully"* (voluntáriamente), la Corte Suprema de ese Estado resolvió que era necesario probarse una intención criminal. Por otra parte, en el de *Coffey* v. *Superior Court,* 147 Cal. 525, 82 Pac. 75 y *Larue* v. *Davies,* 8 Cal. App. 750, 97 Pac. 903, ambos más o menos *in pari materia* con este caso, una idea distinta fué indicada. En el primero la corte citó con aprobación de la obra *Mechem* sobre Funcionarios Públicos, lo siguiente: "La mala conducta en el cargo no implica necesariamente corrupción o intención criminal. La ejecución oficial de un acto ilegal, o abandono oficial en realizar un acto que debió haberse realizado constituirá el delito aunque no hubiere ningún motivo corrupto o malicioso."

En el caso de *El Pueblo* v. *Rivera,* 25 D. P. R. 612, fué procesado un alcaide de cárcel por permitir que los presos estuviesen afuera y resolvimos siguiendo los precedentes que cuando un alcaide de cárcel permite a un preso que se vaya, él es culpable de un delito.

[3] La acusación en el presente caso imputaba el hecho de no haber el acusado abierto los libros para un empréstito de $6,000 autorizado por el municipio de conformidad con el reglamento prescrito por el Auditor de Puerto Rico; que hizo transferencias montantes a la suma de $662.65 de una cuenta particular para pagar cuentas corrientes sin la debida autorización; hizo una transferencia montante a $250 de una partida semejante de $6,000; y también que él emitió libramientos montantes a la suma de $839.78 para atenciones generales sin autorización, todo voluntariamente.

Estos actos, o por lo menos algunos de ellos, fueron infracciones de sus obligaciones oficiales dentro del alcance del artículo 93, *supra.* No pretendemos resolver sobre la suficiencia de cada cargo en particular de los cuatro que han sido imputados, pues tal cuestión no fué discutida ante nosotros.

Respecto a la cuestión de prueba hubo una estipulación en que se admitían algunos o todos los hechos radicales imputados y hubo prueba tendente a demostrarlos. Bajo estas condiciones hubo prueba tendente a establecer todos los cargos. *La sentencia apelada debe ser revocada y el caso devuelto a la corte inferior para ulteriores procedimientos que no sean incompatibles con esta opinión.*