4 | 541
---|---
127 | 312

</div>

## THE STATE v. ROSS.

Indictment against a justice of the peace, under s. 83, c. 53, R. S. 1843, for an improper refusal to grant a change of venue and the rendition afterwards of a judgment against the defendant without his consent. The indictment charged that the defendant rendered the judgment *corruptly*, but did not state that he knew his decision to be in violation of law. *Held*, that even if an indictment would lie for the acts charged, the indictment in question was bad.

Nov. Term, 1853.

THE STATE
v.
Ross.

Friday,
December 23.

ERROR to the *Boone* Circuit Court.

ROACHE, J.—Indictment against *Ross*, charging him with having been guilty of oppressive conduct in the administration of his office as a justice of the peace.

The oppressive act is alleged to have taken place on the trial of a cause pending before him, between one *Rhinehart*, plaintiff, and one *David Falls*, defendant. The indictment charges that on the calling of the cause for trial, *Falls* presented an affidavit, in proper form, praying for a change of venue on account of the bias and prejudice of the justice. *Falls* offered to pay the costs, according to the requirement of the statute, and demanded a change of the venue. The justice overruled the motion, but proceeded to try the cause against the consent of *Falls*, and rendered a judgment against him.

The indictment was quashed by the Circuit Court. The state prosecutes this writ of error.

The indictment is founded on s. 83, c. 53, R. S. 1843. It is not altogether clear that the provisions of the act are applicable to the judicial acts of a justice. It is made an offence in a clerk of the Circuit Court, constable, coroner, sheriff, and justice of the peace, to be guilty of any act of oppression in the administration or by color of his office. The justice has both ministerial and judicial duties to perform; the other officers mentioned, ministerial alone. There is no distinction made by the act in the description of the offence or its punishment. By classing the justice, in general terms, with officers whose duties are ministerial only, it might raise the question whether the act could be construed to be applicable to the judicial acts of the justice.

But that question does not arise in this case. For admitting that the act with which he is charged is punishable under the provisions of the statute, the indictment does not sufficiently charge the offence.

The application for a change of venue is a motion to be considered and decided by the justice in his judicial capacity. He is not liable, criminally, for an erroneous decision, made either through ignorance or misapprehen-

sion of the law. To convict him on a charge of corruptly rendering an unlawful judgment, it would have to be established by proof at the trial, that he knew his decision to be contrary to law. His knowledge is the gist of the offence. In the absence of such knowledge, there is no crime. And being of the substance of the offence, the indictment must allege that he did know his decision to be a violation of law. The indictment in this case contains no such allegation; it only charges the act to have been done corruptly. The use of an expletive cannot supply the want of a material allegation, constituting the very gist of the offence.

*Per Curiam.*—The judgment is affirmed.

*W. J. Peaslee*, for the state.

*H.* and *I. Brown*, for the defendant.