[No. 4286.]

## B. TRIPLETT *v.* AUGUST MUNTER.

CHARGING ILLEGAL FEES.—Before an officer can be removed from office and fined under the provisions of section seven hundred and seventy-two of the Penal Code for charging and receiving illegal fees, the court must find that such fees were knowingly, willfully or corruptly taken.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The defendant was a justice of the peace in Stockton Township, County of San Joaquin. In a case tried before him in which H. M. Naglee was the plaintiff, and B. Triplett and E. Cannavan were defendants, judgment was rendered for the plaintiff and the defendants appealed. When the appeal was taken, the defendants paid the justice the

fees which he demanded, and among the items of his costs were about five dollars which were illegal. Triplett filed an information before the District Court, asking for the removal of Munter from office, and a fine of five hundred dollars. The court gave judgment as asked, and the defendant appealed.

*F. T. Baldwin* and *John B. Hall,* for the Appellant.

There is no averment in the information that the alleged charge and collection was corruptly done, nor are there any words of equivalent import.

The word " guilty," standing where it does, is not a sufficient statement of the intent or purpose.

" A man cannot become criminal unless his mind be at fault;" an axiom in criminal law.

" In every crime or public offense there must exist a union or joint operation of act and intent." (Penal Code, Sec. 20; see *People* v. *White,* 34 Cal. 183; *State* v. *Bierce,* 27 Conn. 319.)

*Terry & McKinne,* for the Respondent.

It is objected by counsel for appellant, that the information is insufficient, because it contains no averment " that the alleged charge and collection was corruptly done, nor are there any words of equivalent import."

The averment was neither necessary nor proper in a proceeding under the seven hundred and seventy-second section of the Penal Code. An accusation for corrupt misconduct in office must be presented by a grand jury, as provided in section 758 of the Penal Code. It must be tried like an indictment, and presented by the District Attorney. (Secs. 767 and 768 of the Penal Code.) Whereas the proceeding for collecting illegal fees may be prosecuted by any citizen, and is tried by the rules of civil practice. (*In the Matter of Marks,* 45 Cal. 199; *People* v. *Brooks,* 1 Denio, 457; 1 Story's Eq., Sec. 111; Wharton's Crim. Law, Sec. 82.)

By the COURT:

The information does not aver that the fees received by

the defendant, in excess of those he was entitled to charge, were knowingly, willfully or corruptly taken; and the court finds " that the defendant charged and collected said illegal fees under an honest conviction that he was legally entitled thereto." The proceeding is taken under section 772 of the Penal Code, which relates to the offense "of charging and collecting illegal fees," and of the neglect or refusal of an officer "to perform the official duties of his office." The same penalty is denounced against both offenses, viz., removal from office and a fine of $500 for the use of the informer. The provision is highly penal in its nature; and though the statute does not in terms require that the wrongful act must have been knowingly and corruptly done, we are satisfied that it was not the intention of the Legislature to visit with this severe penalty an act performed by an officer in perfect good faith, and under an honest conviction that he was acting strictly within the line of his duty. It was not intended to punish an officer by removal from office, and with a penalty of $500, for a mere error of judgment, in the honest discharge of his duties. In such cases it may be that if the wrongful act be established, the burden will be on the defendant to show affirmatively that it was done honestly and in good faith. But in this case that fact was found in favor of the defendant.

Judgment and order reversed, and cause remanded.