[No. 20639.  In Bank. — September 10, 1890.]

THE PEOPLE, RESPONDENT, *v.* F. P. WARD, APPELLANT.

JUSTICE OF THE PEACE — POWER TO DISMISS CRIMINAL ACTION — DISTRICT ATTORNEY. — A justice of the peace has power to determine whether or not a criminal action brought before him shall be dismissed, and is not bound to obey the order of the district attorney for such dismissal.

ID. — MISCONDUCT IN OFFICE — TAKING JURISDICTION WITHOUT CONSENT OF DISTRICT ATTORNEY — ERRONEOUS INSTRUCTION. — Upon trial of a justice of the peace charged with misconduct in office in taking jurisdiction of a criminal action brought before him, against the known wishes of the district attorney, and with knowledge that a prosecution had been dismissed before another justice of the same township, and that the district attorney was prosecuting the same defendant before a justice of another township, it is prejudicial error to instruct the jury that it is the duty of a justice of the peace before whom criminal proceedings are pending to enter a dismissal upon the motion of the district attorney.

Id. — Jurisdiction of Offense — Action Pending — Conduct of District Attorney — Instruction. — That the justice so charged with misconduct had jurisdiction to try the case and render judgment, notwithstanding a prosecution pending before a justice of the peace of another township, must be taken as the law of the case, if the district attorney had set the precedent of trying the same case while it was pending before another justice, and if the court instructed the jury that the defendant had such jurisdiction.

Id. — Removal of Judicial Officer for Misconduct — Insufficient Indictment. — To remove a judicial officer for misconduct in office, the act charged must have been done in the discharge of judicial functions, and must be charged to have been done with corrupt, partial, malicious, or other improper motives, and with knowledge that it was wrong; and an indictment charging a justice of the peace with misconduct in office in taking jurisdiction of a criminal action for the sole purpose of making the acquittal of the defendant a bar to further prosecution for the same crime in an action pending in another township, which contains no averment that the justice intended to acquit the defendant, or that he acted from corrupt motives, or that he knew his acts to be unlawful, is insufficient under section 758 of the Penal Code.

Appeal from a judgment of the Superior Court of Solano County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Spencer & McEnerney*, for Appellant.

*Attorney-General Johnson*, for Respondent.

McFarland, J. — The defendant was indicted for and convicted of misconduct in his office of justice of the peace, and judgment was rendered removing him from office for causes stated in the judgment. He appeals from the judgment, and from an order denying a new trial. The defendant had been justice of the peace at Vacaville township, Solano County, for many years, and the evidence shows him to have been a man of exceptionally good character for truth, honesty, and integrity. This case arises out of the prosecution of one Dayton G. True, for the alleged petty offense of stealing three dollars from one F. C. Chapman, and from certain supposed conflict of jurisdiction, and somewhat unpleasant feeling

between the justices of the peace of said township, and a justice of the township of Suisun, in said county; and leaving out of view, for the present, questions about the sufficiency of the indictment, we think that the jury were misled, to the prejudice of the defendant, by the instructions of the court on the power of the district attorney in criminal prosecutions. True was first arrested on a warrant issued by R. Long, also a justice of the peace at Vacaville, where the alleged offense appears to have been committed, if at all. The interest taken in the prosecution and defense of True seems to indicate that questions were involved which do not usually arise in ordinary cases of larceny of as small an amount as three dollars. A trial took place before Justice Long and a jury, which lasted two or three days.

The district attorney of the county assisted in the prosecution; and it appears from uncontradicted evidence, that, while the jury were out considering their verdict, the district attorney said that if the jury did not agree he would go before Gillespie, a justice at Suisun, because he knew that he could get a jury at Suisun that would convict True. The jury did fail to agree and were discharged. True's attorney asked to have the case set again for another trial, and the district attorney objected. On April 15, 1889, Long set the case for a trial on April 22d, and on April 17th made an order for forty jurors. In the mean time the district attorney had moved and asked that the case before Justice Long be dismissed, for the purpose of commencing it again before Gillespie at Suisun, and Long had refused to dismiss it. On April 15th, the district attorney sent a note to Long requesting him to immediately dismiss the case, which he again refused to do. But on April 15th, and while the case was still pending before Long at Vacaville, another complaint for the same offense was made by Chapman, at the instance of the district attorney, before Justice Gillespie at Suisun, on which True was

again arrested, and taken to Suisun. True's attorney then went before the superior judge of the county on a writ of *habeas corpus,* and also on a writ of prohibition, seeking, on the one, to have True discharged, and on the other, to prohibit Gillespie from proceeding in the case, on the ground that he had no jurisdiction because the case was pending before Justice Long at Vacaville. The judge denied both writs. Owing, we suppose to some language used by the judge in passing on the question, a telephone message was sent to Long at Vacaville, to the effect that the superior court had ordered him to dismiss the case. He supposed that this message came from the district attorney; but it was not sent by him, although with his knowledge. Thereupon, on April 18th, Long made on his docket the following order: "By order of Superior Judge Buckles the case of *People* v. *Dayton G. True* is hereby dismissed." On April 19th, True's attorney caused a complaint to be made against True for the same offense, before the defendant in the case at bar, F. P. Ward, justice at Vacaville.

Upon this complaint, which was a sufficient one, defendant issued a warrant, upon which True was arrested and brought into court. He pleaded "Not guilty" and his attorney vigorously insisted upon a speedy trial. The main witnesses who had testified against True in Long's court, viz., Long himself, Chapman, and Harley, were in court. Long was examined. Chapman was put on the stand, but refused to testify, and was fined for contempt, although the fine was afterwards remitted; and Harley left the court-house, and refused to return and testify, although a constable notified him to come, without, however, having a subpœna. Judgment was afterwards, on the same day, entered acquitting True. There is no pretense that the defendant, Ward, acted in the premises corruptly, or with an improper purpose of acquitting True. Indeed, the original prosecutor, Chapman, said that he believed that Ward would be as liable to convict

True as to acquit him; that he would have acted honestly, and given an honest judgment. He thought, however, that the district attorney should have been present. There was evidence tending to show that the defendant, Ward, knew of the previous proceedings in the case, as above stated.

Under these circumstances, the court instructed the jury, among other things, as follows: "I instruct you that the district attorney is the law officer of the county, the attorney for the people in all criminal matters, and as such, it is his duty to institute and conduct to a judicial determination criminal proceedings in the justices' courts of this county. Incident to these duties as district attorney, he has the right to control the prosecution of such cases, and has the right to move the dismissal of any criminal proceeding, in any justice court of this county, when, in his judgment, public justice demands it; and it is the duty of the justice before whom such proceedings are pending to enter a dismissal upon the motion of the district attorney. The district attorney is amenable to the law, as all officers are, and should he exercise the functions of his office corruptly, there is a remedy by which he may not only be deprived of his office, but punished for such corruption or willful misconduct in office." (Instruction 4.)  " I instruct you that, whenever the district attorney may find that justice demands it, he has the right, and it is his duty, to institute criminal proceedings in any justice court in the county, even if it be in a court remote from the residence of the defendant, and in another township other than the one in which the crime is alleged to have been committed; and therefore I instruct you that the district attorney, if he believed that justice could not be done in the case of the *People* v. *True* in the township of Vacaville, for any cause whatever, had a right, and it was his duty, to dismiss the proceedings in said township, and bring them in Suisun township." (Instruction 5.)

Whether or not it is the duty of a district attorney to endeavor to remove a prosecution from one justice's court to another court, "remote from the residence of the defendant," in order that he may more readily obtain a conviction, or whether it is his duty to commence a prosecution in a second court before it has been ended in the first, are questions not necessary to be here determined. But we find no authority for the proposition that "it is the duty of a justice, before whom such proceedings are pending, to enter a dismissal upon the motion of the district attorney." The general provisions on the subject are contained in sections 1385 and 1386, Penal Code, and are as follows: —

"Sec. 1385. The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes.

"Sec. 1386. The entry of a *nolle prosequi* is abolished, and neither the attorney-general nor the district attorney can discontinue or abandon a prosecution for a public offense, except as provided in the last section."

The only other statutory provision bearing on the subject to which our attention has been called is contained in the County Government Act, to the effect that the district attorney, when not engaged in the superior court, "must attend upon magistrates in cases of arrest, when required by them."

It is clear, therefore, "the court" alone has the power to dismiss a criminal action. The instruction of the court on this point was erroneous, and that the error was prejudicial to appellant is obvious. The jury were thereby taught that the district attorney had full control over the prosecution, and the different courts in which, at various times, it has appeared; and they may well have believed that if appellant knew of its previous history, and the action of the district attorney in the premises,

he entertained the last complaint against True for the alleged purpose of thwarting the designs of a superior officer. That appellant had jurisdiction to try True, notwithstanding the pendency of the case before the justice at Suisun, must be taken to be the law of this case: 1. Because the prosecution had set the precedent; and 2. Because the court instructed the jury as follows: "I instruct you that the defendant, Ward, had a legal right to entertain the criminal complaint against True, and to try the case, and render his judgment thereon, although such judgment would be a bar to another prosecution for the same offense." For this reason, therefore, the judgment would have to be reversed.

We have discussed the foregoing questions because they are of general interest; but we are satisfied that the indictment in this case is not sufficient, and that the demurrer to it should have been sustained. It is drawn under section 758, Penal Code, which provides for an accusation by the grand jury against any "district, county, township, or municipal officer," for willful or corrupt "misconduct in office." Assuming that it will lie against a judicial officer, still, when, as in the case at bar, it is against such an officer, it must contain averments showing judicial misconduct.

To remove a judicial officer for misconduct in office is a grave proceeding; and to do so without proper averments and proofs is to strike a blow at the independence of that important department of the government. The act charged must have been done in the discharge of judicial functions, and must be charged to have been done with corrupt, partial, malicious, or other improper motives, and with knowledge that it was wrong.

In *Jacobs* v. *Com.*, 2 Leigh, 709, which was a prosecution of justices of the peace, the court of appeals of Virginia say: "It is a well-established principle that a judicial officer cannot be prosecuted criminally for any judgment rendered by him, however illegal, unless ren-

dered from some motive of malice, partiality, or corruption. Much less can a prosecution be carried on when the act done is within the pale of his lawful authority, without such corrupt motives. In indictments of this character, it is usual to charge the judgment or thing done corruptly, wickedly, or maliciously." It is further held, in this case, that there must be an averment that the defendants knew the act charged against them to have been wrong.

In *State* v. *Ross*, 4 Ind. 541, an indictment against a justice of the peace was held defective because it "did not state that he knew his decision to be in violation of law." (See also *Triplett* v. *Munter*, 50 Cal. 644.)

Now, in the case at bar, there is no averment whatever of any illegal act by appellant. He had full jurisdiction and authority to do all the acts charged, and there is no averment of any corrupt or malicious motive. There is no averment that he entertained the complaint against True for the purpose of acquitting him, and there is no averment that he knew what he did to be unlawful or wrong. In fact, as before stated, there is no averment that he did any unlawful act. Indeed, the apparent theory of the indictment is, that he did a lawful act with an unlawful intent. But assuming that there can be a crime consisting of intent alone, without any unlawful act, still the indictment, upon that theory, is entirely insufficient. The only averment on that point is this: The indictment, after reciting the facts above stated, and somewhat more in detail, concludes as follows: "That the said action of said F. P. Ward, as justice of the peace of said township, was done knowingly and willingly, and for the express purpose of making the said acquittal, by him, of said defendant a bar to the further prosecution of said Dayton G. True, for the same crime of petit larceny, before the said justice of said Suisun township."

Of course, either the acquittal or conviction of True

would have been, by operation of law, a bar to any other prosecution, and the averment that the appellant intended the necessary legal consequence of the judgment is of no significance. But, as before said, there is no averment that appellant intended to acquit True, or that he acted from corrupt, malicious, or partial motives, or that he knew his acts to be unlawful. It was found necessary to put important things into the judgment which are not in the accusation. For these reasons, we think the indictment insufficient. Judgment and order reversed, with directions to the superior court to sustain the demurrer to the accusation.

PATERSON, J., FOX, J., SHARPSTEIN, J., and WORKS, J., concurred.