[L. A. No. 91.   In Bank.—January 8, 1896.]

## DALTON WHEELER, APPELLANT, *v.* JOHN A. DONNELL, RESPONDENT.

CRIMINAL LAW—MISDEMEANOR IN OFFICE—APPELLATE JURISDICTION — DISMISSAL.—A proceeding by accusation for alleged misdemeanors in office, under section 772 of the Penal Code, is a criminal proceeding not prosecuted by information or indictment, and is not within the appellate jurisdiction of the supreme court, and an appeal from the judgment rendered therein will be dismissed.

ID.—REMOVAL FROM OFFICE—FINE—JUDGMENT IN FAVOR OF INFORMER.— If the charges are substantiated, the fact that in such proceeding the court must enter a decree that the party accused be deprived of his office, and also enter a judgment in favor of the informer for the sum of five hundred dollars, does not make the demand a case at law for an amount greater than three hundred dollars within the appellate jurisdiction of the supreme court; but such judgment is for a fine, and the fact that it is payable to the informer, rather than into the county treasury, is wholly immaterial, and the provision therefor is purely incidental to the main purpose of the act, which is to secure the removal of the officer guilty of unlawful conduct.

ID.—QUO WARRANTO—TITLE TO OFFICE.—An accusation for misdemeanor in office is in no sense a proceeding in the nature of *quo warranto*, nor is the title of the office in issue therein.

APPEAL from a judgment of the Superior Court of the county of Los Angeles and from an order denying a new trial.   WALTER VAN DYKE, Judge.

The facts are stated in the opinion of the court.

*R. H. Chapman*, and *W. T. Kendrick*, for Appellant.

*Ben. Goodrich*, and *Allen & Flint*, for Respondent.

GAROUTTE, J.—This is a proceeding brought against J. A. Donnell, district attorney of Los Angeles county,

by accusation, under the provisions of section 772 of the Penal Code, alleging misdemeanors in office. The accusation was tried upon the complaint and answer; and judgment was rendered upon the merits, exonerating the accused and dismissing the complaint. This is an appeal by the accuser, Wheeler, from said judgment. Respondent has moved to dismiss the appeal upon the ground that no appellate jurisdiction in such cases is vested in this court; and this is the only point here involved.

In *In re Curtis*, 108 Cal. 661, the question here involved was directly presented, and this court dismissed the appeal for lack of jurisdiction to entertain it. The reasoning upon which the conclusion was there arrived at is entirely satisfactory to us, and it would hardly seem that further consideration of the subject is necessary. That decision is based upon the broad proposition that the proceeding is a criminal one, not prosecuted by information or indictment, and, therefore, without the appellate jurisdiction of this court. That this proceeding is a criminal one, and in its nature a prosecution for crime, is evident by every section of the Penal Code found in the chapter where this accusation is authorized. In addition to this, section 15 of the Penal Code declares: "A crime or public offense is an act committed or omitted in violation of the law forbidding or commanding it, and to which is annexed upon conviction either of the following punishments: . . . . 4. Removal from office."

In a case like the present one, if the charges are substantiated, the court must enter a decree that the party accused be deprived of his office, and also enter a judgment in favor of the informer for the sum of five hundred dollars. It is now sought to avoid the effect of the rule declared in the Curtis case by claiming the present proceeding to be a case at law in which the demand, exclusive of interest, amounts to three hundred dollars; conceding a demand is here involved amounting to three hundred dollars, such fact of itself is not sufficient

to vest this court with jurisdiction. A demand in that amount must be in a "case at law," and here we have no such case. There are many misdemeanors punish‑ able by imprisonment and fine of five hundred dollars, and it might, upon similar lines of reasoning, be urged that there was a money demand of five hundred dollars involved in such cases, and appellate jurisdiction for that reason be vested in this court; but in *People* v. *Johnson*, 30 Cal. 98, this court, in construing the pro‑ vision of the constitution as to its appellate jurisdiction, said: "In view of this clear and precise division of the subject matter, aside from the ordinary import of the words 'cases at law,' it is clear that those words only refer to civil, as distinguished from criminal, cases. Equity cases are first provided for, then civil cases at law, then probate cases, and lastly criminal cases."

This accusation charges a misfeasance in office, and the penalty therefor is removal from such office and fine. As a matter of policy the law declares that this sum of five hundred dollars, which is nothing more or less than a fine, shall go to the informer; and that this money goes to the informer rather than into the county treasury is wholly immaterial. Again, the main pur‑ pose of the act is to secure the removal of the officer guilty of unlawful conduct, and the money judgment provided for is purely incidental to that purpose. (*Smith* v. *Ling*, 68 Cal. 324.) This is even more fully apparent when we consider that an accusation pre‑ sented by the grand jury is not followed by any money judgment in case a conviction results; and, also, from the further fact that the entire sum goes into the pock‑ ets of the informer.

In *Woods* v. *Varnum*, 85 Cal. 639, it is held that the accused is not entitled to a jury trial. If the case was one at law, involving more than three hundred dollars, such a judgment could not stand. Aside from the money judgment provided by the section, the proceed‑ ing has no single element of a " case at law." It is in no sense a proceeding in the nature of *quo warranto*, as

CX. CAL.—42

was held to be the nature of the action in *People ex rel. Davidson* v. *Perry,* 79 Cal. 105. The subject of litigation in that case was title to the office. In all essentials that was a case at law. A question of conflicting claims to an office was there presented, and usurpation was charged. There title was denied; here title is admitted. It was not held in that case that by reason of a five thousand dollar fine being authorized by the statute, this court had appellate jurisdiction; but it was held that a money demand exceeding three hundred dollars being involved, and the action being substantially a *quo warranto* proceeding, and in its nature a case at law, therefore appellate jurisdiction was vested in this court.

For the foregoing reasons the appeal is dismissed.

HARRISON, J., VAN FLEET, J., McFARLAND, J., and HENSHAW, J., concurred.

BEATTY, C. J., and TEMPLE, J., dissented.

Hearing in Bank denied.