[Crim. No. 1160.  In Bank.—September 30, 1904.]

In the Matter of the Accusation of H. E. BURLEIGH.  THE PEOPLE, Appellant, v. H. E. BURLEIGH, Respondent.

ACCUSATION OF OFFICER FOR MISCONDUCT—PURPOSE OF PROCEEDING— EFFECT OF JUDGMENT.—An accusation made by a grand jury under section 758 et seq. of the Penal Code, charging an officer with misconduct in his office, has for its main purpose the removal of the accused from his office.  The judgment can go no farther than such removal; and if it involves a criminal offense, the judgment is no bar to a criminal prosecution for such offense.

ID.—ACCUSATION NOT AN INDICTMENT—ORDER SUSTAINING DEMURRER— APPEAL BY PEOPLE—DISMISSAL.—The accusation is not an indictment, nor is it to be treated as such.  The trial under the accusation is not subject to the rules applying to the trial of an indictment. The people have no right of appeal from an order sustaining a demurrer to the accusation, and its appeal therefrom must be dismissed.

APPEAL from a judgment of the Superior Court of Fresno County.  H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and George W. Jones, District Attorney, for Appellant.

Frank H. Short, for Respondent.

McFARLAND, J.—A written accusation under section 758 et seq. of the Penal Code was made by a grand jury, charging the respondent, Burleigh, with misconduct ·in his office of supervisor. He filed what we suppose may be called a demurrer,—that is, a written document containing objections "to the legal sufficiency of the accusation" as provided in sections 762-763. The demurrer was based ˙ on several grounds, and, among others, that the accusation did not substantially conform to the provisions of the Penal Code, or sections 950, 951, or 952 thereof, and that more than one offense was charged. The court below sustained the demurrer, stating in its order that it was sustained for the reason that more than one offense was charged therein. The people appeal from the judgment.

The appellants concede that if the accusation is to be treated as an indictment, then the demurrer was properly sustained. They contend, however, that an accusation under section 758 is not an indictment. They also concede that if that be so, then the people have no appeal, and this appeal would have to be dismissed.

Notwithstanding this peculiar position occupied by appellants, still in order to reach the proper judgment to be rendered on this appeal—that is, whether we should consider the judgment of the court below and either affirm or reverse it, or whether we should dismiss the appeal—it seems necessary to determine whether or not the accusation under section 758 is in law an indictment, and the trial under it subject to the rules which apply to the trial of an indictment; and, in our opinion, such accusation is not an indictment, and is not to be treated as such.

The main argument of respondent is, that an accusation comes strictly within the definition of an indictment, which is defined in section 917 as follows: "An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a public offense." But an accusation under section 758 is not an accusation "presented by a grand jury to a competent court"; it "must be delivered

by the foreman of the grand jury to the district attorney.''
When an indictment is found by a grand jury it ''must be
presented by their foreman in their presence to the court''
(sec. 944), and must have certain indorsements; and the de-
fendant may, on motion, have the indictment set aside ''where
it is not found, indorsed, and *presented* as prescribed in this
code.'' (Sec. 995.)   The proceedings on an indictment and
the consequences following a judgment thereon are entirely
different from those accompanying the trial on an accusation
under section 758.   A warrant of arrest follows an indict-
ment, under which the defendant is immediately imprisoned
unless he gives bail.   Nothing of the kind occurs on an accu-
sation; the party accused is merely served by the district at-
torney with a copy of the accusation and notified to appear
within a certain time and answer it, and may appear or not as
he chooses, as in a civil action.   In an indictment only one
public offense can be charged; its main purpose is to punish
the defendant for the commission of a crime; and an acquittal
or conviction is a bar to a future prosecution for the offense
charged.   The main purpose of the accusation under section
758 is to remove a person from public office for misconduct in
such office; the misconduct charged need not necessarily in-
clude an act which would itself constitute a crime, and if it
does include such crime the judgment on the accusation would
not be a bar to a subsequent prosecution for such crime.   The
judgment can go only to the extent of a removal from office.
The provisions of the Penal Code clearly make a distinction
between an indictment or information and the procedure by
''accusation'' here under review.   Section 682 provides that
''Every public offense must be prosecuted by indictment or
information, except—1. Where proceedings are had for the
removal of civil officers of the state.''   Again, it is provided
in section 888 that ''All public offenses triable in the superior
courts must be prosecuted by indictment or information, ex-
cept as provided in the next section,''—and the next section
(889) provides that ''When the proceedings are had for the
removal of district, county, municipal, or township officers,
they may be commenced by an accusation or information, in
writing, as provided in sections 758 and 772.''   In section 18
of article IV of the constitution, after a provision for the
impeachment before the senate of the governor and other
named state officers, it is provided that ''All other civil of-

ficers shall be tried for misdemeanor in office in such manner as the legislature may provide.'' The legislature, perhaps, might have provided that the proceeding for the removal of an officer should be by indictment; and if that had been the intent, a few words would have expressed it. That, however, was clearly not the intent, for the legislature by 758 and succeeding sections has elaborately provided an entirely different procedure. These sections immediately succeed the sections relating to impeachment before the senate, and they are evidently intended to be similar in character to articles of impeachment. This intent is emphasized in section 762, which provides that the accused may object to the sufficiency of the accusation ''or of any *article* therein.'' There are no decisions of this court in point. In the case of *People* v. *Ward,* 85 Cal. 585, cited by respondent, the point was not raised, and the one or two allusions in the opinion to the proceeding as an indictment were evidently merely for convenience of statement, and are not to be taken as a decision of a question not before the court. It was held there that the charge against the appellant was insufficient because there was ''no averment of any illegal act by appellant,'' and that ground of reversal would have been good whether the proceeding was considered as an indictment or as an accusation within the meaning above stated.

But as the appellants concede that if the accusation is not an indictment the people have no appeal, therefore the appeal herein must be dismissed, and it is so ordered.

Angellotti, J., Shaw, J., Van Dyke, J., Lorigan, J., and Henshaw, J., concurred.