[Crim. No. 1608.  In Bank.—October 13, 1911.]

In the Matter of an Accusation Presented by the Grand Jury of the County of San Joaquin, State of California, Against W. T. SHEPARD, as Councilman of the City of Stockton, County of San Joaquin, State of California, Representing the Third Ward of the City of Stockton in the City Council of said City.

CRIMINAL LAW—PUBLIC OFFICERS—CORRUPT MISCONDUCT IN OFFICE—ACCUSATION FOR REMOVAL—APPEAL BY DEFENDANT.—An accusation presented by a grand jury, under section 758 of the Penal Code, charging a public officer with corrupt misconduct in office, is not an indictment, and the only appeal allowed in such a case is that secured to the defendant by section 770 of the Penal Code.

ID.—SEVERAL SPECIFICATIONS OF MISCONDUCT MAY BE JOINED.—In such an accusation it is permissible to join more than one specification of misconduct.

ID.—EXTORTING LOANS OF MONEY BY CITY COUNCILMEN—OFFICIAL MIS-
CONDUCT.—A city councilman, who solicits loans of money from
parties seeking franchises or privileges from the council, or from
claimants against the city for money due or alleged to be due upon
contracts, while their petitions and claims were pending or accruing,
and to whom such parties unwillingly loaned money on his unsecured
notes in order to prevent unfavorable official action by him, is guilty
of official misconduct.

ID.—DEMAND OF MONEY AS CONDITION OF PERFORMING PUBLIC DUTY.—
It is extortion for a public official to demand money as a condition
of doing what is his duty, as trustee of a public trust, to do, and
more especially if it is demanded as a condition of allowing a just
claim against a public corporation.

ID.—PLEADING TO ACCUSATION—SUFFICIENCY OF VERDICT OF GUILTY—
JUDGMENT OF REMOVAL.—Where the accusation of corrupt miscon-
duct in office consisted of thirteen specifications, and the plea was
simply "not guilty," without any specification, an unqualified verdict
of guilty responds to the plea, and imports a finding of official
misconduct and is sufficient to support the judgment of removal.

ID.—NATURE OF PROCEEDING BY ACCUSATION—LEGISLATURE HAD POWER
TO ENACT.—Such an accusation is a summary proceeding, regulated
by section 758 et seq. of the Penal Code, and is exempt from
merely technical rules of procedure. The legislature had plenary
power to enact such sections, under the authority of section 18 of
article IV of the constitution, providing for the trial of public
officers for misdemeanor in office otherwise than by impeachment.

ID.—JURISDICTION—TITLE OF PROCEEDING.—Although the proceeding by
accusation is a criminal action in every essential respect, the fact
that the accusation was not formally entitled as the People of the
state versus the defendant, did not affect the jurisdiction of the
court over it.

ID.—ELECTIVE MUNICIPAL OFFICER SUBJECT TO PROCEEDING.—The pro-
ceeding by accusation, authorized by section 758 et seq. of the
Penal Code, is applicable to the removal of an elective officer of a
municipality.

APPEAL from a judgment of the Superior Court of San
Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

U. S Webb, Attorney-General, J. Charles Jones, George F.
McNoble, District-Attorney, and Max Grimm Deputy District-
Attorney, for Respondent.

BEATTY, C. J.—This is a proceeding under section 758 of the Penal Code instituted by an accusation in writing presented by the grand jury of San Joaquin County ·charging W. T. Shepard, a member of the Stockton city council, with corrupt misconduct in office. A trial of the accusation resulted in the conviction of defendant. A transcript of the record has been filed here which contains no evidence that an appeal has been taken to this court or to any court except a stipulation of counsel that it contains a correct copy of a notice of appeal while in fact no such copy is to be found. We shall assume, however, in the absence of any objection on the part of the People, and in view of an otherwise regular submission of the cause, that an appeal to this court was duly taken in conformity to the decision in the Burleigh case (145 Cal. 36, [78 Pac. 242]) in which it was held (contrary to my opinion) that an accusation presented under said section 758 is not an indictment, and consequently that the only appeal allowed in this class of cases is that secured by the statute to the defendant. (Pen. Code, sec. 770.) Upon this assumption I shall proceed to consider such of the numerous errors assigned as counsel has attempted to sustain by argument. ·

1. The accusation against the defendant contained fifteen specifications of misconduct. He demurred to the accusation upon that ground and as to each specification moved to strike out. His demurrer was overruled and his motion to strike out sustained as to the specifications Nos. VI and XIII. Upon the remaining thirteen he was put to trial. His general objection to the accusation presented by the demurrer is the joinder of distinct charges of misconduct, and this he attempts to sustain by reference to the rule governing indictments. But as held in the Burleigh case and in other cases, the rule restricting indictments to a single charge does not apply to this class of accusations in which more than one specification may be joined.

2. The more specific objections to the accusation presented by the demurrer, and by the several motions to strike out were, in effect, that the facts alleged did not constitute official misconduct. The various charges were in substance that the defendant had extorted money from parties soliciting franchises or privileges from the council of which he was a member, or having large claims against the city for moneys due,

or alleged to be due upon contracts for the performance of public works such as grading, paving, etc. It is charged that he solicited loans of money from these parties while their petitions and claims were pending or accruing and that moneys were advanced to him on his unsecured notes unwillingly by said parties to prevent unfavorable official action by him. If these allegations were true we cannot doubt that they constituted official misconduct. To avoid the risk of misstating the contention of counsel for appellant as to this point we quote from his brief: "As above stated the defendant was a legislative officer, and his acts to constitute official misconduct must have been committed *in the line of his legislative duties and by way of ordinance or resolution,* for that was the only method whereby he could act officially." The application of this argument is to the failure of the accusation to charge that defendant voted in favor of any of the claims or petitions of those from whom he received money when, as matter of justice, or to protect the rights and interests of the public, he should have opposed them. But it is extortion for a public official to demand money as a condition of doing what is his duty, as trustee of a public trust, to do, and more especially if it is demanded as a condition of allowing a just claim against a public corporation.

3. It is claimed that the verdict is void for uncertainty. The verdict was as specific as the plea. The accusation was of corrupt misconduct in office with thirteen specifications. The plea was simply "not guilty," without any specification, and an unqualified verdict of guilty responds to the plea. It imports a finding of official misconduct and is sufficient to support the judgment of removal. This is a summary proceeding regulated, as far as it is regulated at all, by a statute (Pen. Code, secs. 758 et seq.) which the legislature has plenary power to pass under the authority of section 18 of article IV of the constitution, providing for the trial of public officers for misdemeanor in office otherwise than by impeachment. It is exempt from merely technical rules of procedure. (*Case of Burleigh,* 145 Cal. 36, [78 Pac. 242].)

4. For the same reason it is no objection to the jurisdiction of the court that the accusation was not formally entitled *People of the State* v. *Shepard.* Undoubtedly it is a criminal action in every essential respect, but it is not governed by the

rule applied in *Santa Barbara* v. *Sherman,* 61 Cal. 57, which was a prosecution for an ordinary misdemeanor.

5. Nor is the decision in *Craig* v. *Superior Court,* 157 Cal. 481, [108 Pac. 310], at all in point upon the question of jurisdiction. The opinion in that case carefully and properly distinguishes proceedings to remove firemen and policemen from proceedings to remove elective officers. This case is governed by the decision in *Coffey* v. *Superior Court,* 147 Cal. 525, [82 Pac. 75].

6. It is claimed that the evidence is insufficient to sustain any of the specifications of misconduct. The record of the proceedings at the trial is very bulky—made unnecessarily so by the repetition of objections and motions to strike out— and the case upon the facts has been very meagerly presented in the printed arguments of counsel. Such examination of the testimony as we have found time to make does not warrant us in holding that the verdict is wholly unsupported by the evidence. The testimony of the defendant and the testimony of those who advanced him money in the form of loans, is all to the effect that they were *bona fide* loans made from motives of friendship and without any thought of influencing official action, but there were circumstances from which the jury might reasonably have put a more unfavorable construction upon these transactions.

7. There are thirty-six separate errors assigned upon the rulings of the trial judge admitting or excluding evidence or striking out or refusing to strike out evidence. Many of these exceptions are based upon legal propositions above discussed and disapproved. With respect to the others it may be said that the rulings were generally correct, and if in one or two instances they were technically wrong, they were harmless.

The judgment is affirmed.

Melvin, J., Henshaw, J., Sloss, J., and Angellotti, J., concurred.

Rehearing denied.