[L. A. No. 3869. In Bank.—October 5, 1914.]

# THE PEOPLE, on the Relation of N. C. Dorris, Respondent, v. JAMES McKAMY, Appellant.

PUBLIC OFFICER—PROCEEDING FOR REMOVAL—WHETHER CIVIL OR CRIMINAL.—A proceeding instituted by an individual, under section 772 of the Penal Code, for the removal of a public officer, is a criminal proceeding, though not "prosecuted by indictment or information."

ID.—APPEAL FROM JUDGMENT—JURISDICTION OF COURT TO ENTERTAIN.— An appeal from the judgment in such case in favor of the informer is not within the jurisdiction conferred by the constitution upon the supreme court or the district courts of appeal, and will be dismissed, notwithstanding the provision of section 770 of the Penal Code purporting to authorize such an appeal to the supreme court.

ID.—JURISDICTION OF COURTS—POWER OF LEGISLATURE TO EXTEND.— The legislature has no power to confer upon courts jurisdiction beyond that given or authorized to be given them by the constitution.

ID.—SPECIAL PROCEEDING—APPEALS.—Such an appeal cannot be maintained as one in "a special proceeding" under the constitutional grant of jurisdiction to appellate courts in special proceedings provided by law.

ID.—DISTRICT COURTS OF APPEAL—APPELLATE JURISDICTION.—The provision of section 770 of the Penal Code, purporting to give an appeal to the supreme court alone from a judgment removing a public officer, cannot be treated as applying to the district court of appeals by virtue of the paragraph of section 4 of article VI of the constitution, declaring that "all statutes now in force allowing, providing for, or regulating appeals to the supreme court shall apply to appeals to the district courts of appeal so far as such statutes are not inconsistent with this article."

ID.—SECTION 770 OF PENAL CODE—VALIDITY AND INTERPRETATION.— Section 770 of the Penal Code, providing for an appeal from a judgment of removal from office, was unconstitutional at the time of the adoption of the amendment to the constitution creating the district courts of appeal and was not revived by it.

ID.—EXTENSION OF APPELLATE JURISDICTION—SECTION 18 OF ARTICLE IV OF CONSTITUTION.—Such section cannot be sustained under section 18 of article IV of the constitution, providing for the trial of officers for misdemeanors. This constitutional provision should not be interpreted as authorizing the legislature to enlarge the appellate jurisdiction of the higher courts beyond the limits expressly laid down in another part of the constitution. It does not authorize the legislature to grant a right of appeal to the supreme court in cases which the constitution has not included within its appellate jurisdiction.

ID.—TRIAL—MEANING OF TERM—WHETHER INCLUDES APPEAL.—Except where there is a trial *de novo* after appeal, as in certain appeals from justices' courts, the word "trial," as commonly understood in our practice, includes nothing beyond proceedings in the court in which the case originated. In criminal cases it embraces steps tending to and culminating in a judgment of conviction or acquittal. But an appeal is no part of a trial, it is a means for remedying errors which have occurred at a precedent trial.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, for Appellant.

Alfred Siemon, and Samuel T. Bush, for Respondent.

SLOSS, J.—This is a proceeding brought under section 772 of the Penal Code, for the removal of the defendant from the office of city marshal of the city of Bakersfield. The court found against the accused, and rendered judgment depriving him of his office, and allowing a recovery of five hundred dollars in favor of the informer. The defendant appealed to this court from the judgment, and the respondent now moves to dismiss the appeal on the ground that, under the constitution, there can be no appeal from such a judgment.

Section 772 is a part of chapter II of title II of part II of the Penal Code. The chapter is entitled "Removal of civil officers otherwise than by impeachment." One of its sections (770) provides that "From a judgment or decree of removal from office under any provision of this chapter, an appeal may be taken to the supreme court in the same manner as from a judgment in a civil action . . ." The respondent's contention is that this provision is nugatory as a legislative attempt to enlarge the constitutional jurisdiction of this court. That the legislature has no power to confer upon the courts jurisdiction beyond that given or authorized to be given them by the constitution has long been settled. (*Pacific T. & T. Co.* v. *Eshleman,* 166 Cal. 640, 647, 690, [50 L. R. A. (N. S.) 652, 137 Pac. 1119]; and cases cited.) The proceeding, it is claimed, is a "criminal case," and as it is neither a case "where judgment of death has been rendered," nor one "prosecuted by indictment or information in a court of rec-

ord," it is not within the appellate jurisdiction conferred
upon the supreme court or the district courts of appeal by the
constitution. (Art. VI, sec. 4.) If an appeal lies to either
of these courts, a dismissal would not be ordered "for the
reason only that the same was not taken to the proper
court," but the cause would be transferred to the proper court.
(Const., art. VI, sec. 4.)

That the proceeding is criminal can hardly be questioned.
This was clearly decided in *In re Curtis,* 108 Cal. 661, [41 Pac.
793], the court saying: "The charge against the respondent
is of a public offense—a neglect of official duty, or misde-
meanor in office—and the proceeding against him is a criminal
proceeding in the nature of an impeachment." It was held
further, that the case, though criminal, was not one "prose-
cuted by indictment or information." These holdings were
reaffirmed in *Wheeler* v. *Donnell,* 110 Cal. 655, [43 Pac. 1],
the court citing section 15 and other sections of the Penal
Code in support of the proposition that the proceeding is a
criminal one, "and in its nature a prosecution for crime."
(See *In re Burleigh,* 145 Cal. 35, [78 Pac. 242].) In each
of these cases an appeal from the judgment was dismissed.
It is true that the appeals there involved were sought to be
maintained by the accuser after judgment in favor of the
accused. The only appeal authorized by section 770 is one
"from a judgment or decree of removal from office." But
this was not made the ground of decision. The opinion in
*Wheeler* v. *Donnell* states that the conclusion reached in the
Curtis case was "based upon the broad proposition that the
proceeding is a criminal one, not prosecuted by information
or indictment, and, therefore, without the appellate jurisdic-
tion of this court." And this reasoning, says the court in the
later case, is "entirely satisfactory." We find no specific
reference to section 770 in either the Curtis case or *Wheeler*
v. *Donnell.* In the former the court makes the remark that
"the legislature has made no provision for a review of the
action of the superior court." This observation is incorrect,
if it was intended to apply to a judgment sustaining the
charges and removing the officer. But if the court's general
line of argument be sound, the provision of section 770 could
not alter the result. If the case is not one of which this
court has, under the constitution, appellate jurisdiction, such

jurisdiction cannot be exercised, regardless of whether the legislature has or has not undertaken to confer it.

The decisions in the two cases just discussed were rendered prior to the amendments of 1904 to article VI, section 4, of the constitution, creating the district courts of appeal, and dividing between them and the supreme court the jurisdiction on appeal from the superior courts. We do not see that the question is affected by this change. The appellate jurisdiction in criminal cases is still limited to cases prosecuted by indictment or information in a court of record, those in which judgment of death has been rendered being committed to the supreme court, and all others to the courts of appeal. Except for cases transferred from a district court of appeal, the amended section gives to the supreme court no appellate jurisdiction which it did not have under the former provision. Some of the appellate jurisdiction which had before been vested in the supreme court is transferred to the new courts. They are given such jurisdiction, *inter alia,* in proceedings of "usurpation of office, contesting elections and eminent domain, and in such other special proceedings as may be provided by law (excepting cases in which appellate jurisdiction is given to the supreme court)." The appellant seeks to sustain this appeal as one in a "special proceeding." But the constitution nowhere authorizes the legislature to vest in the supreme court appellate jurisdiction of any special proceedings other than those enumerated in the constitutional grant of jurisdiction to this court, as, for example, "such probate matters as may be provided by law." The clause above quoted does authorize the legislature to confer upon the district courts of appeal appellate jurisdiction of special proceedings not falling within the excepted class of those "in which appellate jurisdiction is given to the supreme court." The exception, we think, must be read as excluding those special proceedings (e. g., matters of probate) which are, by the constitution itself, committed to the jurisdiction of the supreme court. The language of the constitutional provision, and its entire framework, are inconsistent with the idea, urged by appellant, that the exception embodies an implied grant of authority to the legislature to give the supreme court appellate jurisdiction over any and every kind of special proceeding.

Section 770 (which, on its face, gives an appeal to the supreme court alone) cannot be treated as applying to the district court of appeal by virtue of the paragraph of section 4 of article VI of the constitution, declaring that "all statutes now in force allowing, providing for, or regulating appeals to the supreme court shall apply to appeals to the district courts of appeal so far as such statutes are not inconsistent with this article . . . " This provision was not intended to create a right of appeal where none existed before. Its purpose was to enable the newly organized courts of appeal to entertain and dispose of appeals which had been, theretofore, cognizable in the supreme court, but which fell within the appellate jurisdiction of the courts brought into existence by the amendment. The statutes made applicable to the district courts of appeal were "statutes now in force." If the views herein expressed be correct, section 770 was invalid (hence not in force), under the constitution as it stood before the amendment in 1904. The section was not, therefore, brought to life or made applicable to the district courts of appeal by the provision quoted above.

We have assumed, for the purposes of this decision, that the proceeding may properly be classed as a "special proceeding," and that the term "special proceedings," as found in article VI, section 4 of the constitution, includes proceedings of a criminal, as well as of a civil nature. We are not to be understood, however, as deciding these questions.

The appellant makes the further contention that the validity of section 770 may be sustained under section 18 of article IV of the constitution. That section, after designating certain officers who shall be liable to impeachment, goes on to provide that "all other civil officers shall be tried for misdemeanor in office in such manner as the legislature may provide." We do not think this section should be interpreted as authorizing the legislature to enlarge the appellate jurisdiction of the higher courts beyond the limits expressly laid down in another part of the constitution. The legislature is authorized to provide for the manner in which officers may be tried. Except where there is a trial *de novo* after appeal, as in certain appeals from justices' courts, the word "trial," as commonly understood in our practice, includes nothing beyond proceedings in the court in which the case originated. In criminal cases, it embraces steps tending to and culmin-

ating in a judgment of conviction or acquittal. An appeal is no part of a trial. It is a means for remedying errors which have occurred at a precedent trial. This section, then, does not authorize the legislature to grant a right of appeal to this court in cases which the constitution has not included within its appellate jurisdiction.

The conclusion here reached has been suggested by the district court of appeal for the third appellate district in *Larue* v. *Davies*, 8 Cal. App. 750, [97 Pac. 903], but as the point of jurisdiction had not been urged by the respondent, the court did not definitely decide it. Appeals from judgment of removal from office have been entertained by this court, both before and since the adoption of the constitution of 1879, but in these cases no question of the right of appeal was raised. (*Triplett* v. *Munter*, 50 Cal. 644; *People* v. *Ward*, 85 Cal. 585, [24 Pac. 785] ; *Matter of Shepard*, 161 Cal. 171, [118 Pac. 513].) In view of the declarations of this court *In re Curtis* and *Wheeler* v. *Donnell*, the doctrine that an appeal will lie certainly cannot be said to have become settled by a uniform course of decision (see *Lord* v. *Dunster*, 79 Cal. 477, [21 Pac. 865] ) so as to prevent the court from deciding the question when it is fairly presented, as it it here.

The appeal is dismissed.

Shaw, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.