[L. A. No. 5490. In Bank.—July 1, 1918.]

## JOHN N. HUNT, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

OFFICE AND OFFICERS—MISCONDUCT IN OFFICE—REMOVAL PROCEEDINGS —LOS ANGELES COUNTY CHARTER—COUNTY TREASURER—GENERAL LAW APPLICABLE—PENAL CODE SECTIONS.—The proceedings provided by section 758 et seq. of the Penal Code for the "removal of civil officers otherwise than by impeachment," and not the proceedings prescribed by the Los Angeles County charter which went into force in June, 1913 (Stats. 1913, p. 1484), are applicable to a proceeding to remove, for misconduct in office, a county treasurer of Los Angeles County, who, before the charter took effect, namely, in November, 1910, was elected for a term of four years, commencing on the first Monday of January, 1911, since, although the charter made the office of county treasurer appointive instead of elective, and placed it in the classified service, section 7½ of article XI of the constitution authorizing counties to frame charters, and the Los Angeles County charter, framed under that provision, alike provided in substance that such charter should not affect the tenure of office of any of the elective officers of the county, but that they should continue to hold their respective offices until the expiration of the term for which they were elected, unless sooner removed in the manner provided by law.

ID.—"TENURE OF OFFICE" DEFINED.—The word "tenure" denotes in law the fact, manner, or means of holding, and, as applied to the holding of an office, is synonymous with "term of office," and the words, "shall not affect the tenure of office," etc., as used in section 7½ of article XI of the constitution, authorizing counties to frame charters, prohibit not only the shortening of the tenure or term of office of any of the officers described, but also the extension of such tenure or term of office.

ID.—CONSTITUTIONAL LAW—PENAL CODE PROVISIONS FOR REMOVAL OF OFFICERS—INVALIDITY OF PROVISION FOR APPEAL—OTHER INDEPENDENT PROVISIONS UNAFFECTED.—The fact that section 770 of the Penal Code, purporting to authorize an appeal to the supreme court from a judgment of the superior court removing a civil officer, has been held unconstitutional does not affect the remaining sections of the chapter prescribing proceedings for removal of civil officers other than by impeachment (Pen. Code, secs. 758–772), since section 770 is an entirely independent provision, the invalidity of which in no way affects the validity of the remaining provisions of the chapter.

APPLICATION for Writ of Prohibition directed to the Superior Court of Los Angeles County, and Curtis D. Wilbur, Judge thereof.

The facts are stated in the opinion of the court.

Arthur J. Keetch, and A. I. McCormick, for Petitioner.

Thomas Lee Woolwine, District Attorney, and George E. Cryer, Chief Deputy District Attorney, for Respondents.

A. J. Hill, County Counsel, and Robert B. Murphey, Assistant County Counsel, *Amici Curiae.*

ANGELLOTTI, C. J.—By this proceeding a writ of prohibition is sought to restrain the superior court of Los Angeles County from trying petitioner, the treasurer of said county, on a written accusation presented by the grand jury of said county, charging him with willful misconduct in office, as such treasurer. The proceeding against him was instituted under the authorization given by section 758 et seq. of the Penal Code of the state, a general law of the state providing for the accusation and trial in the superior court of public officers for misconduct in office, and a judgment of removal from office in the event of conviction. The proceeding against petitioner was strictly in accord with the provisions of these sections. The claim is that this state law has no application to petitioner by reason of the alleged fact that he is an appointive officer, holding his office under the provisions of the county charter of the county, which provides the sole means and method by which appointive officers may be removed, thereby superseding the Penal Code provisions. If this claim be well based, the superior court is without jurisdiction of the proceeding against petitioner. The attorneys for the respective parties have presented with great ability their respective views as to the validity under our constitution of any county charter provisions purporting to provide an exclusive method by which county officers may be removed, and also as to the true meaning of the complex and confusing provisions of the Los Angeles County charter in regard to the matter of the removal of officers and employees. They have ignored certain suggestions of the county counsel

of Los Angeles County filed by him as *amicus curiae,* which, in view of the allegations of the petition for prohibition, appear to us to be well based and to necessarily lead to the conclusion that the charter provisions relied on have no application to petitioner, and that as to him the general law of the state as to removal from office for misconduct in office is applicable.

The county charter was framed and adopted under the provisions of section $7\frac{1}{2}$ of article XI of our constitution, going into force in June, 1913. Up to that time the county had operated under the general laws of the state relative to counties and their government. At that time petitioner was the treasurer of such county, having been regularly elected to the office under such laws, at the general election in November, 1910, for a term of four years commencing on the first Monday of January, 1911, and, according to our statutes and decisions, to hold thereafter until his successor was legally selected and had qualified. By the charter certain offices which were previously elective, including that of treasurer, were made appointive offices, the appointment to be made by the board of supervisors. By provisions contained in the article on civil service, officers elected by the people and certain other positions were placed in what was called the "unclassified service," which was free from civil service supervision. It was then provided that "the classified service shall include all other positions now existing or hereafter created," which would include the office of treasurer. As to the classified service the article contains various provisions which it is claimed establish a method of discharge, removal and reduction in rank. Section 37 (in this article) provides: "All persons in the county or township service holding positions in the classified service as established by this article, at the time it takes effect, whether holding by election or by appointment, and who shall have been in such service for the six months next preceding, shall hold their positions until discharged, reduced, promoted or transferred in accordance with the provisions of this article. . . . " It is apparently petitioner's theory that he is holding his office solely under the provisions of this section, and without any other appointment or qualification whatsoever. He simply alleges his election as hereinbefore stated, his qualification under such election and entering upon his duties in January, 1911, that he continued as

such treasurer to the taking effect of the charter, and that
"ever since the time said charter took effect . . . has con-
tinued to be and to act as such treasurer of said county, and
is now such treasurer, under and by virtue of the provisions
of said charter," and during all said time has held a position
in the classified service of the civil service of said county.
There is no suggestion that he has been appointed to the office
by the board of supervisors, or that having been so or in any
other way appointed, he has qualified under such appoint-
ment.

.Section 37 of article IX of the Los Angeles charter, consid-
ered without regard to other provisions of the charter and the
provisions of our constitution relative to such charters, might
be taken as lending support to a theory that a person holding
an office by election at the time the charter took effect, which
office was made appointive by the charter, and placed in the
classified service, continued to hold such office thereafter
under the charter without the necessity of further appoint-
ment or qualification. But section 11 of article III of the
charter clearly requires an appointment by the board of
supervisors of "all county officers other than elective officers."
And section 56 of article XII of the charter provides as fol-
lows: "Nothing in this charter is intended to affect, or shall
be construed as affecting the tenure of office of any of the elec-
tive officers of the county or of any district, township or divi-
sion thereof, in office at the time this charter goes into effect,
and such officers shall continue to hold their respective offices
until the expiration of the term for which they shall have
been elected unless sooner removed in the manner provided
by law. . . . But the successors of each and all of such offi-
cers shall be elected or appointed as in this charter provided,
and not otherwise." And section 7½ of article XI of the
constitution declares that it shall be competent in such a char-
ter "to provide . . . for sheriffs, county clerks, treasurers,
. . . auditors . . . , for the election or appointment of said
officers," etc., with the express provision "that any such
charter shall not affect the tenure of office of the elective
officers of the county, . . . in office at the time such charter
goes into effect, and such officers shall continue to hold their
respective offices until the expiration of the terms for which
they shall have been elected, unless sooner removed in the
manner provided by law." The word "tenure" denotes in

law the fact, manner, or means of holding, and as applied to
the holding of an office has been held synonymous with "term
of office." The words "shall not affect the tenure of office,"
etc., used in the constitutional provision, prohibit not only
the shortening of the tenure or term of office of any of the
officers described, but also the extension of such tenure or
term of office. To provide that such an officer shall continue
to hold indefinitely after the expiration of the term for which
he is elected, until removed for cause, is necessarily to pro-
vide that his tenure or term of office shall be extended, which
would be in direct conflict with the constitutional provision.
We think, however, that the charter taken as a whole clearly
contemplates that as to elective officers made appointive by
its provisions, appointment of successors must be made at the
expiration of the respective terms for which they were
elected. Whether section 37 of article IX of the charter is
effective to give such elected officers any preferred right in
the matter of the appointment is a question not here involved
and need not be discussed. But it does seem plain to us that
until the appointment and qualification of a successor to an
elective officer in office at the time the charter went into
effect, such elective officer continues to hold his office solely by
virtue of his election. His tenure of office is that prescribed
by the general laws under which he was elected, and under
those laws he holds, unless removed in accordance therewith,
until the appointment of a successor in the manner provided
by the charter, and the qualification of such successor. Such
tenure cannot be affected by any provision of the charter as
to removal, and as to that matter the general laws of the state
still apply.

In view of what we have said but one other point remains
for consideration. Section 770 of the Penal Code (contained
in the chapter entitled "Removal of Civil Officers Otherwise
Than by Impeachment," and including sections 758 to 772),
providing for an appeal to the supreme court from a judg-
ment or decree of removal from office "under any provision
of this chapter," was held to be unconstitutional in *People* v.
*McKamy,* 168 Cal. 531, [143 Pac. 752]. It was held therein
that in view of certain provisions of our constitution no ap-
peal to the supreme court or to a district court of appeal
could be authorized by the legislature in such a case, the same
not being one "prosecuted by indictment or information."

It is contended that this section was so essential to and a part of the scheme provided by the chapter for the removal of officers by accusation that the whole chapter must now be held to be invalid. This very question was the sole question presented to us by an application for transfer from the district court of appeal of the second appellate district of the matter of *Hamilton* v. *Superior Court*, L. A. No. 5375. This application was denied September 20, 1917, without any opinion being filed. The court concluded that the section purporting to give a right of appeal in such cases was an entirely independent provision, the invalidity of which in no way affected the validity of the remaining provisions of the chapter. To this conclusion we adhere.

The alternative writ of prohibition hereinbefore issued is discharged and the proceeding dismissed.

Shaw, J., Sloss, J., Melvin, J., Wilbur, J., and Richards, J., *pro tem.*, concurred.