[Crim. No. 2244. In Bank.—January 21, 1920.]

In re JOHN S. REID, an Attorney and Counselor at Law.

[1] ATTORNEYS AT LAW—REMOVAL FROM PUBLIC OFFICE—DISBAR-
MENT—INAPPLICABILITY OF SUMMARY PROCEDURE.—The provisions
of the Code of Civil Procedure relating to the removal or sus-
pension of attorneys at law in case of conviction of a felony or
misdemeanor involving moral turpitude are not applicable in the
case of proceedings for removal of public officers under section
758 et seq. of the Penal Code.

[2] ID.—REMOVAL OF PUBLIC OFFICER—NATURE OF PROCEEDING.—The
procedure under section 758 et seq. of the Penal Code for the
removal of public officers is not a prosecution for a "crime" in
the ordinary sense of the word, although in its nature a "crim-
inal case," since its whole object is the removal of the incumbent
from office and the judgment can go to no further extent.

[3] ID.—JUDGMENT IN PROCEEDING AGAINST PUBLIC OFFICER—SUBSE-
QUENT PROSECUTION FOR CRIME—JUDGMENT NOT A BAR.—In a
proceeding for the removal of a public officer, the misconduct
charged need not necessarily include an act which would consti-
tute a crime, and if it does include such crime, the judgment on
the accusation would not be a bar to a subsequent prosecution
for such crime.

[4] ID.—APPLICABILITY OF PROVISIONS OF CODE OF CIVIL PROCEDURE.
The provisions of the Code of Civil Procedure relating to the
removal or suspension of attorneys at law may fairly be con-
strued as being limited to prosecutions for a criminal offense de-
fined by statute, and in which the judgment finally determines for
all purposes the question of guilt or innocence of the accused of
that crime.

[5] ID.—JUDGMENT IN PROCEEDING UNDER PENAL CODE—EXTENT OF.—
The adjudication in a proceeding under section 753 et seq. of
the Penal Code is conclusive only in connection with the matter
of the incumbency of the office.

ORDER to show cause as to the applicability of the pro-
visions of the Code of Civil Procedure relating to the dis-
barment of attorneys at law in the case of removal from
office under section 758 et seq. of the Penal Code. Order
discharged.

The facts are stated in the opinion of the court.

ANGELLOTTI, C. J.—Order to show cause as to the ap-
plicability of section 288 of the Code of Civil Procedure, in

the matter of disbarment, because of removal from office in a proceeding under section 758 et seq. of the Penal Code.

As the result of a proceeding initiated against J. S. Reid, district attorney of Trinity County, in the superior court of Trinity County, by an accusation presented by the grand jury under section 758 et seq. of the Penal Code, relating to the removal of public officers other than by impeachment, for alleged misconduct in office, judgment of removal from office was given. It may be conceded that the matters charged, if true, involved moral turpitude. Thereupon the clerk of such superior court transmitted to this court a certified copy of the judgment, apparently deeming this course necessary in view of section 288 of the Code of Civil Procedure, which requires such action by the clerk "in case of the conviction of an attorney or counselor of a felony or misdemeanor, involving moral turpitude." Section 287 of the Code of Civil Procedure, specifying grounds of removal or suspension of attorneys, specifies in subdivision 1 as one of such grounds "his conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence," and sections 289 and 299 of the Code of Civil Procedure substantially provide that in such cases, upon the receipt of the certified copy of the record showing the fact, this court must give judgment striking the name of the attorney from the roll. In all other cases, accusation, citation, hearing, etc., are essential prerequisites to disbarment. Entertaining serious doubt whether the summary procedure provided for cases where an attorney has been convicted of a felony or misdemeanor involving moral turpitude is applicable in the case of proceedings for removal from office under section 758 et seq. of the Penal Code, we made this order to show cause.

[1] Further consideration has brought us to the conclusion that this summary procedure should be held not applicable in such a case. [2] The proceeding under section 758 et seq. of the Penal Code, while held to be in its nature a "criminal case" (see *People* v. *McKamy,* 168 Cal. 531, [143 Pac. 752]), is not a prosecution for a "crime" in the ordinary sense of the word. Its whole object is the removal of the incumbent from office and the judgment can go to no further extent. [3] As said in the *Matter of Burleigh,* 145 Cal. 35, 37, [78 Pac. 242, 243], "the misconduct charged

need not necessarily include an act which would constitute a crime, and *if it does include such crime the judgment on the accusation would not be a bar to a subsequent prosecution for such crime.*'' (Italics ours.) **[4]** We think the provisions of the Code of Civil Procedure to which we have referred may fairly be construed as being limited to prosecutions for a criminal offense defined by our statute (see Pen. Code, sec. 15), and in which the judgment finally determines for all purposes the question of guilt or innocence of the accused *of that crime.* This view is borne out by the provision of subdivision 1 of section 287 that ''the record of conviction *shall be conclusive evidence.*'' It is hardly to be assumed that the legislature intended to so provide as to a record which does not finally adjudicate the question of the guilt of a party of a crime. **[5]** The adjudication in a proceeding under section 758 et seq. is conclusive only in connection with the matter of incumbency of the office. If we assume that the illegal matters upon which the charge of misconduct was based constituted a crime under our laws and a criminal prosecution is had against Mr. Reid for such crime, it may well be that an acquittal might result despite the judgment of removal from office. It is the conviction in *such* a prosecution that we think the statute refers to.

This view, of course, does not preclude proceedings for disbarment on account of matters alleged in the accusation preferred against him in the removal proceedings, but such disbarment proceedings would necessarily be based on verified accusation in writing stating the matters charged, and would entail notice and trial.

The order to show cause is discharged.

Shaw, J., Olney, J., Lennon, J., Lawlor, J., Wilbur, J., and Kerrigan, J., *pro tem.*, concurred.