[Civ. No. 2017.   Third Appellate District.—November 19, 1919.]

JOHN S. REID, Petitioner, v. THE SUPERIOR COURT OF TRINITY COUNTY et. al., Respondents.

[1] PUBLIC OFFICERS—DISTRICT ATTORNEY—TERM OF OFFICE—JUDICIAL NOTICE.—The appellate court will take judicial notice of the fact that the district attorney of Trinity County took office on the first day of January, 1915, and that his term expired on the first Monday in January, 1919.

[2] ID.—REMOVAL FROM OFFICE—EXPIRATION OF TERM—CERTIORARI—POWER OF APPELLATE COURT.—Where the term of office for which a district attorney was elected has expired, the questions involved

---

1. Judicial notice of elections and changes in office, note, 4 L. R. A. 38.

on an application for a writ of *certiorari* to review a judgment and order of the trial court removing him from office for willful misconduct are merely moot and academic, the appellate court being without power to modify or nullify the judgment so as to restore him to office.

[3] ID.—LACHES—DELAY OF NINE MONTHS—EXCUSE.—While there is no hard-and-fast rule by which to determine whether laches has barred the remedy by *certiorari,* when an application for a writ of *certiorari* to review a judgment and order of the trial court removing a district attorney from office for willful misconduct is not made until nine months after such judgment of removal, and after his term of office has expired, a sufficient excuse for the delay must be shown to justify the application for the writ.

[4] ID.—PROCEDURE UNDER SECTION 758, PENAL CODE — PLEADING.— The procedure under section 758 of the Penal Code to remove a public officer for willful or corrupt misconduct in office does not require a strict application of the rules that govern civil or criminal actions, and the accusation need not conform to the requirements of sections 950, 951, or 952 of the Penal Code.

[5] ID.—CHARGE AGAINST DISTRICT ATTORNEY — EXTORTION — SUFFI-CIENCY OF ACCUSATION.—An accusation under section 758 of the Penal Code, which declares that at a certain time and place in a given county the accused as a public officer, to wit, the district attorney, under color of said official right, extorted and obtained money from a certain person, sufficiently informs the accused of the charge against him. The acts constituting the charge of extortion are not required to be set forth with the same certainty and particularity as an indictment demands.

[6] ID.—SUFFICIENCY OF ACCUSATION—ERRORS OF TRIAL COURT— CERTIORARI.—Where such an accusation, though carelessly formulated, shows the existence of sufficient facts upon which to base a valid judgment that the accused was guilty of willful misconduct in office, the judgment of the trial court, though erroneous, is not reviewable on *certiorari;* but if no offense known to the law is charged, or if from the fact alleged no reasonable deduction can be drawn that a crime was committed, or that the defendant was guilty of official misconduct, the judgment of the lower court to the contrary would not be conclusive and the writ of *certiorari* would be available to the accused.

[7] ID. — CODE SECTION CONSTITUTIONAL — SYNONYMOUS PHRASES. — Section 758 of the Penal Code is authorized by article IV, section 18, of the constitution, which provides that civil officers "shall be tried for misdemeanor in office in such manner as the legislature may provide." The phrase "misconduct in office" found in the code section and the expression "misdemeanor in office" used in the constitution are synonymous.

[8] ID.—ABSENCE OF MISCARRIAGE OF JUSTICE—SETTING ASIDE OF JUDGMENT NOT AUTHORIZED.—Under section 4½ of article VI of the constitution, which is applicable to an application for a writ of *certiorari* after trial of the case, no court is authorized to set aside a judgment for any error in a pleading or in the proceedings unless after an examination of the whole record including the evidence such court is of the opinion that there has been a miscarriage of justice.

APPLICATION for a Writ of Certiorari to review the judgment and order of the Superior Court of Trinity County removing the district attorney from office for willful misconduct. W. M. Finch, Judge. Application denied; judgment affirmed.

The facts are stated in the opinion of the court.

Maxwell McNutt for Petitioner.

H. R. Given, District Attorney, for Respondents.

THE COURT.—On May 11, 1918, the grand jury of Trinity County presented to the clerk of the superior court of said county an accusation against John S. Reid, district attorney of said county, under section 758 of the Penal Code. Said accusation contained six specifications of willful misconduct on the part of said district attorney, but of these all were eliminated from consideration by order of the trial court except one. As finally submitted to the jury the said accusation was in the following form:

"In the Superior Court of the County of Trinity, State of California.

"ACCUSATION.

"The People of the State of California
                vs.
"John S. Reid, District Attorney of the
    County of Trinity, State of California.

"John S. Reid, district attorney of the County of Trinity, State of California, duly elected, acting and qualified as such district attorney, is hereby accused by the grand jury of the County of Trinity, State of California, by this accusation of willful and corrupt misconduct in the discharge of

the duties of a district attorney in and for said County of Trinity, State of California, said willful and corrupt misconduct as such district attorney consisting of the following acts, specified as follows, to wit:

### "SPECIFICATION 1.

"That said John S. Reid, qualified and acting district attorney of said Trinity County, at Weaverville, in said County of Trinity, on or about the 6th day of January, 1916, unlawfully, wilfully, corruptly and feloniously, and under color of official right did extort and obtain of and from one O. H. Meredith, the sum of one hundred and fifty-six dollars, lawful money of the United States of America, as and for a fee due to the said John S. Reid as such officer as aforesaid for instituting criminal proceedings before a magistrate for the arrest of M. A. Brady and D. M. Brady for the alleged larceny of cattle belonging to said O. H. Meredith, while in truth and in fact, no fee whatever was then due from the said O. H. Meredith to the said John S. Reid as such officer, as aforesaid, for such services, and as the said John S. Reid then and there well knew. . . . Wherefore, the said grand jury of Trinity County, California, presents this accusation against the said John S. Reid, as district attorney in and for said Trinity County, California, and accuses him of wilful and corrupt misconduct in office, and asks that he be removed from the said office of district attorney in and for said Trinity County, California, and that the judge of the superior court of said Trinity County take the necessary steps as by law provided for the removal of the said John S. Reid from such office of district attorney in and for said County of Trinity, State of California.

"A. C. MECKEL,
"Foreman of the grand jury.
"Dated: Weaverville, California, May 11th, 1918."

Within the time required by law the said John S. Reid filed in said court written objections or a demurrer to the legal sufficiency of the accusation and the specifications thereof. His objection to the last three charges was sustained, but was overruled as to the first three. Charge No. 2 and charge No. 3 were afterward, however, dismissed on motion. A jury was regularly impaneled to try the

defendant on the third day of August, 1918, and found him guilty as charged in said first count. The defendant, thereupon, in open court waived time for pronouncing judgment and the court, after reciting the various steps taken in the proceedings, concluded its judgment as follows: "It is ordered, adjudged and decreed that you, the said John S. Reid, be, and you, the said John S. Reid are, hereby removed from office as such district attorney of the County of Trinity, State of California, and said office of district attorney in and for Trinity County, State of California, be, and the same is hereby declared vacant." Thereafter, on the ninth day of May, 1919, upon petition therefor, an order was made by this court for the issuance of a writ of *certiorari* "commanding said superior court to certify and return to this court . . . a transcript of the record and proceedings in the action aforesaid, with all things touching the same as fully and entirely as it remains before you, by whatsoever names the parties may be called therein, that the same may be reviewed by the district court of appeal." Such return was duly made, and by stipulation of the parties the time for filing briefs was extended, and the matter has been recently submitted for determination.

At the outset attention is directed to the fact that the application for this writ was made more than nine months after the said judgment of dismissal, and that in the meantime the term of office for which said Reid was elected had expired. A district attorney is an officer of a county of the state of California. (Sec. 4013, Pol. Code.) County officers are elected at the general election at which the governor is elected, and hold office for the same term. (Sec. 4021, Pol. Code.) A district attorney took office in said Trinity County on the first day of January, 1915, and that term expired on the first Monday in January, 1919. [1] Of these facts the court will take judicial notice, because they are matters established by law. (Code Civ. Proc., sec. 1875.) [2] It is quite apparent, therefore, that it would be impossible for this or any other court to reinstate Mr. Reid in the position which he was compelled to vacate by said order of the superior court. The situation is the same as though we were called upon to review a judgment that had been fully executed or satisfied. If the judgment of the lower court in the present case were annulled, there could

44 Cal. App.—23

be no restoration of petitioner to the office, for the reason already stated that his term had expired before even the application for this writ was made. It would not for a moment be contended that there could be two district attorneys at the same time in the said county or that the one who was regularly elected at the last general election in November, 1918, and who took office on the first Monday in January of the present year, could be displaced by virtue of any order that might be made in this proceeding. The only effect of said order being to remove Mr. Reid from said office, and it being impossible to restore him at this time, the question involved herein may be said to be merely moot and academic. In this respect the case is similar to that of *Bradley* v. *Voorsanger*, 143 Cal. 214, [76 Pac. 1031]. Therein it was held as stated in the syllabus (143 Cal. 214): "Where a taxpayer sues to enjoin the holding of an election to fill certain offices, and the expending of money therefor, and the judgment was against the plaintiff, and before the hearing of an appeal by him the election had been held and the money expended, and the officers elected were incumbents in place of others whose terms had expired, such appeal raises merely a moot question, and no judgment which could be entered thereupon could afford plaintiff any relief." In its discussion of the question the court remarked: "The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions such as this case in its present situation presents."

Another somewhat similar case is *Weaver* v. *Reddy*, 135 Cal. 430, [67 Pac. 683]. The plaintiff therein was removed as superintendent of the Almshouse of the city and county of San Francisco, his appointment having been made by the board of health under the general state law. He brought suit for reinstatement. While the suit was pending, the new charter of San Francisco became operative and the control of said Almshouse passed to a different board of health. The supreme court held that the questions presented by plaintiff's appeal from an adverse decision of the superior court were purely academic, and, hence, denied the appeal. As far as the practical effect of said judgment of August 3, 1918, is concerned, therefore, it must be apparent that it cannot be modified or nullified by any decision of this court upon this petition for writ of *certiorari*. It might be con-

tended, however, that an annulment of said judgment would amount to a moral vindication of said petitioner and might constitute the basis for an application on the part of petitioner for his salary for the residue of the term for which he was elected. However, courts are not constituted or operated "for moral vindication," and it is quite apparent that petitioner, by reason of his delay in applying for this remedy, should not be permitted to lay the groundwork for claiming said salary. [3] The petitioner should have applied promptly in order that, if it should be found that his application was meritorious, it could be determined before his term expired, so that the county would not be required to pay two persons for the same services. It would be manifestly unjust to the county for the applicant for the writ to delay, without excuse, his application therefor until his term had expired and when no other similar charge of willful misconduct could be made against him and the county had already paid for the services of his successor in office. While there is no hard-and-fast rule by which to determine whether laches has barred the remedy by *certiorari*, yet under the facts as existing herein a sufficient excuse should be shown for the delay to justify the application for the writ. (*Reynolds* v. *Superior Court of the County of Los Angeles,* 64 Cal. 372, [28 Pac. 121].) The question is fully discussed in *Donovan* v. *Board of Police Commrs.,* 32 Cal. App. 392, [163 Pac. 69].) Therein it is said: "While it is true, as counsel for the plaintiff contends, that mere lapse of time short of that prescribed by a statute of limitations in any given similar case will not in itself suffice to constitute laches so as to bar a remedy, nevertheless, if in addition it appears from all the circumstances of the case that prejudice must or, from the very nature of the case, may be reasonably expected to result, the remedy will be denied (*Cahill* v. *Superior Court,* 145 Cal. 42, [78 Pac. 467], and cases cited) ; and whenever public inconvenience might result from the annulment of the proceedings sought to be reviewed, the rule of laches relative to applications for the writ is applied and enforced with particular strictness. (4 Standard Encyclopedia of Law and Procedure, 912.) In the case at bar no excuse whatever has been shown for the delay, and we think this court would be entirely justified

in denying the writ without inquiring into the specific reasons urged herein for its issuance.''

Moreover, we are satisfied that no sufficient cause has been advanced to justify the annulment of the said order of removal. [4] In considering the contention of the petitioner that the accusation herein does not set forth sufficient facts to constitute ''willful or corrupt misconduct in office,'' as that term is used in said section 758, it is well to recall the nature of this proceeding and the view taken of it by the courts of this state. The procedure under said section does not require a strict application of the rules that govern civil or criminal actions. The subject is considered at length in the *Matter of Burleigh*, 145 Cal. 35, [78 Pac. 242]. Therein an accusation is contrasted with an indictment and the court says: ''The main purpose of the accusation under section 758 is to remove a person from public office for misconduct in such office; the misconduct charged need not necessarily include an act which would itself constitute a crime, and if it does include such crime the judgment on the accusation would not be a bar to a subsequent prosecution of such crime. The judgment can go only to the extent of a removal from office.'' In said decision the court held that an accusation need not conform to sections 950, 951, or 952 of the Penal Code. Said sections, though, undoubtedly apply to an indictment or an information. Again, in the matter of *Accusation of Shepard*, 161 Cal., on page 174 thereof [118 Pac. 514], the court says: ''This is a summary proceeding regulated, as far as it is regulated at all, by a statute (Pen. Code, sec. 758 et seq.), which the legislature had plenary power to pass under the authority of section 18 of article IV of the constitution, providing for the trial of public officers for misdemeanor in office otherwise than by impeachment. *It is exempt from merely technical rules of procedure.*'' In this connection it may be stated that the statute itself, section 759 of the Penal Code, states the requirement of the pleading in the following general language: ''The accusation must state the offense charged, in ordinary and concise language, and without repetition.'' [5] The primary purpose, of course, of the form of expression is to apprise the defendant of what he is accused in order that he may be able to make his defense thereto. It may be admitted that the accusation in the present instance is open

to criticism and that the charge could have been more fully and accurately stated, but we think that no one of common understanding, especially if he be an attorney at law, would have any difficulty in concluding from said accusation that the said John S. Reid was at all times mentioned therein the duly elected, qualified, and acting district attorney of Trinity County and that on the sixth day of January, 1916, in said county he unlawfully and willfully and corruptly by the use of his influence as district attorney of said county and under color of said official right extorted and obtained from one O. H. Meredith the sum of $156, to which he was not entitled. It is true there is no express averment that said Reid was the district attorney during said time, but said fact appears by necessary intendment, and that is all that is required to answer an application for a writ of *certiorari*. Moreover, any omission in said accusation in said matter was entirely cured by the admission of defendant's counsel in the lower court in his objection to the sufficiency of the accusation and also in his brief in support thereof to the following effect: "John S. Reid is now and on and prior to the 11th day of May, 1918, was the duly elected, qualified and acting district attorney of the County of Trinity, State of California." We are satisfied also that the acts constituting the charge of extortion are not required to be set forth with the same certainty and particularity as an indictment demands. One particular objection of petitioner to said accusation is that it does not appear therein that the said proceedings for the arrest of M. A. Brady and D. M. Brady were taken before a magistrate in said Trinity County. It is therefore argued that the presumption is that they were taken before a magistrate of some other county, and hence that it would not be unlawful for the said Reid to demand a fee for his services in instituting said proceedings. But, conceding for the sake of argument that such objection contains merit, it is a sufficient answer to say, as suggested by respondent, that this portion of the accusation may be treated as surplusage and eliminated without affecting the sufficiency of the charging part of said accusation. In other words, we are satisfied the petitioner was sufficiently informed of the nature of the charge when it is declared that at a certain time and place in said county as a public officer, to wit, the district attor-

ney, under color of said official right, he extorted and obtained money from a certain person. [6] Moreover, the condition of the record is such that the judgment of the lower court holding the accusation sufficient takes the case beyond the reach of *certiorari*. There was at least an attempt to set up a crime committed by Reid under the guise and pretense and by virtue of his official position as district attorney of the county. There is no doubt the superior court had jurisdiction to determine whether such offense was alleged in said accusation. There is no question that all the antecedent proceedings were regular and in accordance with the requirement of the statute, and if it cannot be said that the court had jurisdiction to make a wrong as well as a right decision upon the sufficiency of the accusation, then it would be difficult to find a case to which such doctrine could be applied. Of course, if it appeared affirmatively that no offense known to the law was charged, or if from the facts alleged no reasonable deduction could be drawn that a crime was committed, or that the defendant was guilty of official misconduct, the judgment of the lower court to the contrary would not be conclusive in this proceeding and the writ of *certiorari* would be available. However, we have no such case but an instance wherein there is an evident attempt—and a somewhat successful one—to state the essential facts of a crime committed by petitioner in connection with the discharge of the duties of the office of district attorney. It may be conceded that the accusation was carelessly formulated, that a skillful pleader would more fully and accurately set forth the circumstances of the alleged offense, but the existence of sufficient facts is shown upon which to base a valid judgment that petitioner was guilty of willful misconduct in office.

In the *Matter of Hughes,* 159 Cal. 360, [113 Pac. 684], the office of the writ of *certiorari* is learnedly discussed. Therein, referring to the proceedings of the lower court sought to be annulled, the supreme court said: "If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the case it has jurisdiction to entertain and decide. No matter how erroneous that decision may be even on the face of the record, we have no power to change,

annul, or reverse it in this proceeding, if that court had
jurisdiction to act in the matter before it." Furthermore,
it was declared that while the lower court committed a
palpable error in holding a certain judgment to be void,
yet it had jurisdiction to decide the case, "it had power to
determine whether the petition was good or bad, and its
decision that it was good was an error of law and not an
excess of jurisdiction. A judgment based on a complaint
which does not state facts sufficient to constitute a cause
of action, is not for that reason judgment in excess of juris-
diction, or void, if the court rendering it has jurisdiction
of cases of the kind which the complaint attempts to allege,"
the court citing a large number of cases. Among the latter
is *Brush* v. *Smith*, 141 Cal. 466, [75 Pac. 55], wherein it
was said: "If the court below should hold a complaint suf-
ficient, when as a matter of law it failed to state facts suffi-
cient to constitute a cause of action, such ruling would be
erroneous, but nevertheless the court had jurisdiction. It
had jurisdiction to determine the question and to determine
it wrong as well as right."

The rule in *habeas corpus* is stated in *Ex parte McNulty*,
77 Cal. 166, [11 Am. St. Rep. 257], as follows: "Where the
complaint, though inartificially drawn, shows an evident
attempt to state the essential facts which constitute the
crime sought to be charged, the defect in the statement would
not warrant the discharge of the defendant. . . . But when
the facts charged, or attempted to be charged, in the com-
plaint or indictment, and proved by the evidence, do not
constitute any public offense, then the defendant will, upon
*habeas corpus*, be discharged."

This is in accordance with the doctrine enunciated in
Freeman on Judgments, fourth edition, section 622, as fol-
lows: "If it appears from the indictment, whether with tech-
nical precision or not, what acts the accused committed, and
they are not criminal either because there is no law declaring
them criminal, or because the law so declaring is itself void
for the reason that the legislative body which attempted to
enact it had no power so to do, then the prisoner should be
discharged, for the judicial proceeding against him has
merely established that he was guilty of an act for which
no court has any power to punish him. If, on the other
hand, it is apparent from the record that the grand jury or

some other competent accuser has attempted to charge the petitioner with an act which is made criminal by law, and such charge has resulted in his conviction and sentence, then he should be remanded, though the charge was not made with sufficient accuracy or particularity to have withstood a demurrer thereto. In the one case there is an accusation and conviction of a noncriminal act while in the other there is a conviction of a criminal act based upon an accusation inaccurately, informally, or imperfectly preferred, but yet expressed in such terms that the person accused, the tribunal convicting and sentencing him, and the court or judge appealed to upon *habeas corpus* must know from the indictment that the act thus charged and found to have been committed was a criminal act, and, as such, punishable by law." It is true that the application for a writ of *habeas corpus* involves a collateral attack, while in *certiorari* the judgment is directly assailed. Both, however, raise the question of jurisdiction, and the difference between them is as to how the want of jurisdiction shall be shown. That distinction, however, is of no moment here because the only contention is that it appears from the judgment-roll that the judgment is void. If it so appears, then the judgment would fall when attacked either by one method, or the other. But in *habeas corpus* it has been held, as we have seen, that the court has jurisdiction where the accuser has attempted to charge the accused with an act criminal in its nature, although the accusation is *inaccurately, informally* or *imperfectly* preferred. Under the same circumstances the same conclusion would be necessarily reached on *certiorari* because the purpose of the inquiry is the same, namely, to determine whether the lower court has exceeded its jurisdiction. In the recent decision of the supreme court in *Christerson* v. *French,* 180 Cal. 523, [182 Pac. 27], it is said: "The respondent contends further that the judgment is void because the complaint fails to state a cause of action. It is well established that a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether the complaint states a cause of action or not so long as it apprises the defendant of the nature of the plaintiff's demand." That was a civil case, but the same principle applies in determining the juris-

diction of the court in a criminal proceeding or one involving willful misconduct in office.

In holding that a public offense is sufficiently set forth in the accusation to withstand an attack upon *certiorari*, we are not unmindful that willful misconduct in office may be shown, although it falls short of the commission of a crime (*In the Matter of Burleigh*, 145 Cal. 36, [78 Pac. 242] ; *Lanterman* v. *Anderson*, 36 Cal. App. 472, [172 Pac. 625]), but we are satisfied that the accusation goes to the full extent that we have indicated.

[7]    We think there is no merit in the contention that said section 758 is unconstitutional.    We shall not attempt to follow closely the technical argument of petitioner in that behalf.    It is sufficient to say that such legislation is authorized by article IV, section 18, of the constitution, which provides that civil officers "shall be tried for misdemeanor in office in such manner as the legislature may provide." It is true that the legislature in said section has not used the expression "misdemeanor in office," but it has employed the synonymous phrase "misconduct in office." It is also true that the legislature has not attempted to catalogue or define the acts which would constitute such misconduct; but this was unnecessary, as in the literature of the law a reasonable measure and test is found for the application of the term.    The subject is discussed in *Coffey* v. *Superior Court*, 147 Cal. 525, [82 Pac. 75] ; wherein it is shown that the legislature has provided for two different classes of misconduct, one willful and the other *corrupt*, and that the term "misconduct" includes "any willful malfeasance, misfeasance, or nonfeasance in office." Of course, something must be left to the discretion of the court and jury in applying the section to the peculiar facts of each particular case, but in most instances there could be little difference of opinion as to whether the conduct were within the inhibition of the statute, and we think no definition of said terms is required of the legislature in order to safeguard the rights of an accused party.

We may add that the question has been virtually adjudicated by the courts of this state.    The similar act of 1853 entitled, "An act to prevent extortion in office and to enforce official duty" (Stats. 1853, p. 40) was upheld in

*Ryan* v. *Johnson,* 5 Cal. 87, and in the *Matter of Marks,* 45 Cal. 199.

In the *Matter of the Accusation of Shepard, supra,* as we have already seen, the supreme court held that the legislature has plenary power to enact such legislation as is contained in said section 758.

There is no more merit in the contention that the judgment is void because it does not comply with the requirement of section 769 of the Penal Code providing that the judgment of removal shall recite the causes of removal. As a matter of fact, the cause for the removal does clearly appear therein. Said judgment sets out the history of the case, the form of the verdict of the jury, that the defendant waived time for pronouncing judgment and recites that "this being the time fixed by the court by consent of counsel for the people and the defendant for pronouncing judgment upon the verdict of the jury herein rendered, by which the defendant is found guilty as charged of willful and corrupt misconduct in office, in this, that said John S. Reid, defendant herein, being then and there the duly elected, qualified and acting district attorney of said Trinity County at Weaverville, in the said County of Trinity, on or about the 6th day of January, 1916, unlawfully, willfully, corruptly and feloniously and under color of official right did extort and obtain of and from one O. H. Meredith the sum of one hundred and fifty-six dollars, lawful money of the United States of America, as and for a fee due to the said John S. Reid as such officer, as aforesaid, for instituting criminal proceedings before a Magistrate for the arrest of M. A. Brady and D. M. Brady for the alleged larceny of cattle belonging to the said O. H. Meredith while in truth and in fact no fee whatever was then due from the said O. H. Meredith to the said John S. Reid, defendant herein, as such officer as aforesaid for such services and as the said John S. Reid then and there well knew, and that in so doing and acting as aforesaid the said John S. Reid, the defendant herein, was guilty of willful and corrupt misconduct in office.

"Wherefore, by reason of the law the verdict of the jury hereinbefore set forth and the reasons herein given": (then follows the conclusion which we have hereinbefore set forth). There can be no possible doubt about the matter when the

whole of the judgment is considered. (*In the Matter of Ring,* 28 Cal. 252; *People v. Terrill,* 133 Cal. 120, [65 Pac. 303].)

Other points have been made and many decisions cited by petitioner, but we think they do not demand specific consideration. Even if we grant that there is some merit in the criticism of the form of the accusation or of the proceedings in the cause, still we should not annul the judgment unless it appears that there has been a miscarriage of justice. [8] Section 4½ of article VI of the constitution should apply to an application for a writ of *certiorari* after trial of the case, as well as to an appeal from the judgment. Under said section no court is authorized to set aside a judgment for any error in a pleading or in the proceedings unless after an examination of the whole record *including the evidence* such court is of the opinion that there has been a miscarriage of justice. In the present case it is not disputed that there was credible evidence of every fact constituting the crime of extortion, that it was shown that said Reid was the district attorney of said county at all times mentioned in said accusation, that he extorted said sum of money as claimed by the prosecution for instituting criminal proceedings before a magistrate in said county in connection with the discharge of the duties of his said office, and that he thereby was guilty of not only willful but also of corrupt misconduct in office. Under such circumstances, to attach to the asserted defects in the accusation and proceedings the significance and potency for which petitioner contends would be to set at naught the plain provisions of said section 4½ of the constitution. The supposed defects herein cannot possibly be any more serious than the omission of the stated element from the information in the case of *People v. Bonfanti,* 40 Cal. App. 614, [181 Pac. 80], wherein it was held, that obeying the mandatory direction of said constitutional provision, the appellate court should not reverse the judgment, since it did not appear that there was a miscarriage of justice.

It is true that we have not the complete record before us, but the respondent has offered to produce it, under the claim that the said facts were fully disclosed. This claim is not disputed by petitioner, and we have therefore taken it for granted and not required the production of the evidence.

After a careful consideration we are satisfied: 1. That petitioner is guilty of such laches as under the circumstances should bar him from any relief in this proceeding; 2. That by reason of the expiration of the term of office for which petitioner was elected, the question of the validity of the judgment has become moot; 3. That the accusation is sufficient to meet the requirement of section 758 of the Penal Code; 4. That at least the accusation was sufficient to give the court jurisdiction over the subject matter, and that any error committed in the ruling on the objections thereto is not reviewable in this proceeding; 5. That the people, through the adoption of an amendment to the constitution have required that all questions as to errors or irregularities in the trial of causes be subjected to the test of whether wrong and injustice have resulted, and under the application of that provision, it cannot be said that the judgment here should be annulled.

The application is, therefore, denied and the judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 15, 1920, and the following opinion then rendered thereon:

The petition to have the above-entitled cause heard and determined by this court after judgment in the district court of appeal of the third appellate district is denied, without regard to what is said in the opinion on the question of this being a moot case and the question of laches, the determination of neither of which is necessary to the decision, and as to which we express no opinion.

All the Justices concurred.