TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 91-107 |
| of | : | |
| | : | JULY 18, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE EDWARD R. JAGELS, DISTRICT ATTORNEY, KERN COUNTY, has requested an opinion on the following question:

May a county grand jury present an accusation against a municipal court judge pursuant to Government Code section 3060?

CONCLUSION

A county grand jury may not present an accusation against a municipal court judge pursuant to Government Code section 3060.

ANALYSIS

Section 3060 of the Government Code ("section 3060") provides:

"An accusation in writing against any officer of a district, county, or city, including any member of the governing board or personnel commission of a school district or any humane officer, for wilful or corrupt misconduct in office, may be presented by the grand jury of the county for or in which the officer accused is elected or appointed. An accusation may not be presented without the concurrence of at least 12 grand jurors."

Ensuing sections of the Government Code (§§ 3061-3074) provide for the trial of an officer so accused, and removal from office upon conviction.

Each county is divided into municipal court and justice court districts. A municipal court is established in each district having more than 40,000 residents. In districts having fewer residents, a justice court is established. (Cal. Const., art. VI, § 5.) Municipal and justice court judges are elected by the electors of their judicial district. (Cal. Const., art. VI, § 16(b).)

We are presented with the question whether section 3060 et seq. is applicable to a municipal court judge to remove him or her from office for wilful or corrupt misconduct in office. This question presents two sub-issues, that is, (1) whether a municipal court judge is a county or district officer within the meaning of section 3060, and (2) whether section 3060 is applicable in view of the provisions of the state Constitution which themselves provide procedures for the removal of judges from office. These are removal by impeachment (Cal. Const., art. IV, § 18), removal by the Supreme Court on recommendation by the Commission on Judicial Performance for wilful misconduct in office and other improper conduct or disability (Cal. Const., art. VI, § 18), and recall by the electors (Cal. Const., art. II, § 13).

Although provisions for impeachment and recall have been in the California Constitution since 1879 and 1911 respectively, the provisions for removal of judges by the Supreme Court on recommendation of the Commission on Judicial Performance are relatively new. The commission was established by a 1960 amendment to the Constitution with the addition of Article VI, sections 8 and 18. Section 8 established the commission and section 18 provides for its powers and duties. As pertinent to our inquiry, Article VI, section 18 (c) provides:

"On recommendation of the Commission on Judicial Performance the Supreme Court may. . . (2) censure or remove a judge for action . . . that constitutes wilful misconduct in office, persistent failure or inability to perform the judge's duties, habitual intemperance in the use of intoxicants or drugs, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute. The Commission may privately admonish a judge found to have engaged in an improper action or a dereliction of duty, subject to review in the Supreme Court in the manner provided for review of causes decided by a court of appeal."

We conclude that for purposes of removal from office, a municipal court judge is a state, not a local officer. We further conclude that the constitutional provisions for the removal of judges are exclusive.

1.      Municipal Court Judges Are State Officers

In our view it is clear from the 1966 revision of Article IV, sections 17 and 18 of the California Constitution relating to impeachment that, for removal purposes, a municipal court judge is a state and not a local officer. Prior to the 1966 revision, Article IV, sections 17 and 18 provided as follows:

"Sec. 17. The Assembly shall have the sole power of impeachment, and all impeachments shall be tried by the Senate. When sitting for that purpose, the Senators shall be upon oath or affirmation, and no person shall be convicted without the concurrence of two-thirds of the members elected."

"Sec. 18. The Governor, Lieutenant Governor, Secretary of State, Controller, Treasurer, Attorney General, Chief Justice and Associate Justices of the Supreme Court, judges of the district court of appeal, and judges of the superior courts, shall be liable to impeachment for any misdemeanor in office; but judgment in such cases shall extend only to removal from office and disqualification to hold any office of honor, trust, or profit under the State; but the party convicted or acquitted shall nevertheless be liable to indictment, trial, and punishment according to law. All

other <u>civil officers</u> shall be tried for misdemeanor in office in such manner as the Legislature may provide." (Emphasis added.)[1]

The 1966 constitutional revision combined Article VI, sections 17 and 18 into a single provision, section 18, to read as it presently does. Subdivision (b) reads as follows:

"(b) State offices elected on a statewide basis, members of the State Board of Equalization, <u>and judges of state courts</u> are subject to impeachment for misconduct in office. Judgment may extend only to removal from office and disqualification to hold any office under the State, but the person convicted or acquitted remains subject to the criminal punishment according to law." (Emphasis added.)

With respect to the amendment, the California Constitutional Revision Commission stated:

"Comment: Provisions enumerating officers subject to impeachment were changed to include state officers elected on a statewide basis. Members of the State Board of Equalization were specifically included because they are elected by district. <u>Language subjecting all judges of state courts to impeachment was inserted. This expands the provisions of the existing section to include judges of the municipal and justice courts</u>.

"'Misdemeanor in office' was replaced with 'misconduct in office' inasmuch as 'misdemeanor' literally concerns the demeanor of the officer, as distinguished from misdemeanor used in the sense of a crime other than a felony [*Reid* v. *Superior Court* (1919) 44 Cal.App. 349, 361, 186 P. 634].

"The words 'honor, trust, or profit' were deleted as unnecessary. 'Indictment, trial and punishment' were replaced with 'criminal punishment,' but no change in meaning has been effected.

---

[1]Interestingly, Article IV, section 18 has since 1879 provided that "all other <u>civil</u> officers shall be tried for misdemeanor in office as the Legislature may provide." (Emphasis added). Section 3060 and its predecessor, Penal Code section 758, were apparently enacted to complement the impeachment provisions and provide a means of removing "other <u>civil</u> officers." (See *Fitch* v. *Board of Supervisors* (1898) 122 Cal. 285, 293-295; *Reid* v. *Superior Court* (1919) 44 Cal.App. 349, 361.).

The restriction to "other civil officers" may have been a recognition that <u>other</u> judicial officers (prior to the addition of Article VI, section 18 in 1960 with respect to the Commission on Judicial Performance), except justices of the peace, could be removed for cause by the Senate on the recommendation of the Governor, pursuant to Article VI, section 10, of the California Constitution. (Why justices of the peace were excepted is not clear.)

Section 10 was repealed by the 1966 constitutional revision upon recommendation of the California Constitution Revision Commission as obsolete in view of the addition of the Commission on Judicial Performance in 1960. (See Cal. Const. Revision Com., Proposed Revision (1966) p. 101.)

"The final sentence of the existing section was excised as unnecessary."[2]

Accordingly, under the Constitution, all state judges are considered together for purposes of removal by impeachment. No distinction is made between those serving on appellate courts and those serving at the trial court level. We believe it follows that all state judges, including municipal and justice court judges, are state officers for purposes of removal from office. Therefore a municipal court judge does not fall within the purview of section 3060 as a county or district officer. (Cf., *County of Sonoma* v. *Worker's Comp. Appeal Board* (1990) 222 Cal.App.3d 1133; compare *Villanazul* v. *City of Los Angeles* (1951) 37 Cal.2d 718.)

       2.     The Exclusivity of the Constitutional Provisions For
              Removal

We believe that absent impeachment or recall proceedings, Article VI, section 18, providing for removal by the Supreme Court on recommendation of the Commission on Judicial Performance, provides the sole means of removing a judge from office for misconduct. The rule of constitutional exclusivity is set forth in *State Bar of California* v. *Superior Court* (1929) 207 Cal. 323. In that case the State Bar sought to disbar a superior court judge for practicing law while a judge. The court, in holding the State Bar had no authority to discipline the judge, stated inter alia at pages 337-338):

"The offense of a judge of a court of record who violates the foregoing provision of the constitution is not an offense against his profession, but against his office. It amounts, if proven, to such misconduct in office as would subject him to impeachment or to such other procedure to accomplish his removal from office as the laws provide, but it does not and should not put him in peril of proceedings which would destroy his eligibility to practice his profession or remove him from his membership therein, for the obvious reason that so to do would be to permit the accomplishment by indirection of his disqualification to hold, and hence necessarily his removal from his office for which the constitution in sections 17 and 18 of article IV thereof has provided a direct, if not an exclusive, mode of procedure. An apt and well-reasoned line of authority upon this precise question is that supplied by the case of *Falloon* v. *Clark* 61 Kan. 121 [58 Pac. 990], wherein the Supreme Court of Kansas determined that 'wherever the constitution has created an office and fixed its term and has also declared upon what grounds and in what mode an incumbent of such office may be removed before the expiration of his term, it is beyond the power of the legislature to remove such officer or suspend him from office for any other reason or in any other mode than the constitution itself has furnished.' The said court rests its authority for this conclusion upon *Lowe* v. *Commonwealth*, 3 Met. (Ky.) 237, and Throop on Public Officers, section 341, which latter authority states the foregoing doctrine to be well settled. . ."

(See also *People ex rel Happell* v. *Sischo* (1943) 23 Cal.2d 478, 494-495; *Daigh* v. *Shaffer* (1937) 23 Cal.App.2d 449, 455; *People* v. *Craig*, 61 P.2d 934, decision vacated and appeal dismissed, 9 Cal.2d 615, (cited with approval in *Sischo*, *supra*.)

---

[2]See California Constitution Revision Commission Proposed Revision, Feb. 1966, p. 40. The intent and purpose of the constitutional revision may be ascertained from the Constitutional Revision Commission's recommendations. (*Mosk* v. *Superior Court* (1974) 25 Cal.3d 474, 481.)

This office has also recognized and applied this rule of exclusivity on a number of occasions. (See 41 Ops.Cal.Atty.Gen. 140, 142-143, (1963) [Legislature without authority to enact a statute permitting the temporary suspension of a judge]; 30 Ops.Cal.Atty.Gen. 56, 59 (1957) [legislator not subject to common law rule of forfeiture of office for accepting second incompatible office]; 25 Ops.Cal.Atty.Gen. 167, 168 (1955) [legislator entitled to salary upon conviction of felony until removed by Assembly despite general forfeiture statutes for such a conviction].)

Additionally, an examination of the Ballot Pamphlet for the November 8, 1960 General Election, at which the provisions regarding the Commission on Judicial Performance were added, discloses that article VI, section 18 was intended to provide "an alternative to existing [removal] procedures as impeachment, recall, removal by the Legislature and removal for conviction of a crime involving moral turpitude." (See Arguments to the Voters, Gen. Elec. (Nov. 8, 1960), p. 10, emphasis added.)[3]

Accordingly, we conclude that a municipal court judge is not subject to accusation by the grand jury pursuant to section 3060 for wilful or corrupt misconduct in office.

* * * *

---

[3]Arguments presented to the voters may be used in ascertaining purpose and intent of measures adopted by them. (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 801-802.)